MILLER, Judge.
Plaintiffs Joseph Borde and his wife appeal seeking an increase in the trial court’s award from $4,751.56 to $9,755.67. We affirm.
On September 8, 1970 Mrs. Borde was driving her 1968 Oldsmobile 98 on Parker-son Avenue in Crowley, Louisiana. Angle parking is permitted on that street and one of defendant Travelers Insurance Company’s insureds negligently backed her Ford from a parked position and struck the right side of Mrs. Borde’s Oldsmobile. The impact did not stop the slow moving Oldsmobile, but scraped along the side. Mrs. Borde braked her car to a stop after proceeding about 75 feet beyond the point of impact. In describing the accident, she related that she “heard” the noise, but was not sure her car was involved until she looked back and saw some debris in the road which she thought came from her car. She then backed her car to look into the matter. The accident was investigated and Mrs. Borde disclaimed injury during the investigation. She returned to her employment as a legal secretary that afternoon.
Mrs. Borde was 27 years old at the time of the accident. She was 60i/¿ inches tall and was described as obese. In addition to being obese, she had bad posture. Both conditions existed prior to the accident. At the time of the accident she had a three year old child and about two months after the accident, she became pregnant. In April of 1971 she was threatened with a miscarriage, but the child was born after a normal term.
At the time of the accident and for several years prior thereto, Mrs. Borde was employed as a legal secretary. She was also employed as manager of the Southern Amusement Company movie theater in Crowley. For a year before the accident, Mr. Borde was unemployed, but he assisted his wife with her duties as theater manager.
Mrs. Borde missed three months work in both employments. During those three months she was hospitalized three separate times for a total of 19 days. It was not established that all symptoms treated during her hospitalization were related to the accident.
Her treating physician, a general practitioner, thought that she had recovered and was able to return to work by December 1970. He testified that because of her poor mechanical back, her obesity, and the injuries, he would expect her back troubles to have periods of exacerbations and remissions for the balance of her life. After December 1970, her treating physician next saw her in November 1971, and then on one or two more occasions shortly before trial. He related some of her continuous complaints to the September 1970 accident.
On October 12, 1970 Mrs. Borde was seen by an orthopedic surgeon of her choosing. He concluded that her lumbar and cervical strain symptoms “have cleared and I do not believe that she will present any problem.” She never returned to this orthopedic surgeon.
Mrs. Borde’s serious complaints of continued disability were verified by her hus *799 band and her sister. She returned to work as a legal secretary and worked from December 1970 until April of 1971 when she had the threatened miscarriage. Her employer verified that she looked like she was suffering while she was working, and that she had permission to take frequent rest breaks.
Another orthopedic surgeon examined Mrs. Borde about one year after the accident. He found physical findings consistent with her having been involved in an accident a year before, with residual difficulty from a cervical strain and also from a lumbar strain. He thought Mrs. Borde would respond to physical therapy and also weight reduction and a program of postural exercises for the low back. He concluded that the patient will improve with time although she may retain some minimal residual difficulty.
On this record the trial judge awarded $2,500 to Mrs. Borde for pain, suffering and disability related to this accident, and $2,251.56 to Mr. Borde for her loss of earnings, her hospital and medical expenses, the $100 deductible for repair of the car and the $133.12 cost of providing a rental car while the Olds 98 was being repaired.
The award to Mrs. Borde would have to be increased if all of Mrs. Borde’s complaints were genuine and related to the accident. We find nothing in the record to warrant a disregard of the trial court’s determination of credibility. The preponderance of the medical evidence, and the minor impact suffered by the heavier vehicle indicate that the award is adequate.
The award to Mr. Borde for loss of earnings was limited to an award for the loss of his wife’s earnings as a legal secretary. Nothing was awarded for her loss of $75.50 per week for 13 weeks as manager of the Rice Theater. As sick leave Mrs. Borde received half pay from the Rice Theater for nine weeks. In addition, her husband was substituted as manager and he received the full $75.50 per week as manager until his wife returned as manager in December 1970. During her three months off the job, she continued to do the book work required of the manager. It was established that Mr. Borde did a substantial part of Mrs. Borde’s Rice Theater work for a year before the accident. In response to the question at trial as to whether his wife was still working as manager of the theater, Mr. Borde replied “She’s on the payroll for manager.”
Although plaintiffs’ counsel persuasively argues that Travelers is not entitled to credit for the fact that Mrs. Borde’s husband took over his wife’s work as manager, we fail to find manifest error in the trial court’s apparent determination that Mr. Borde and Mrs. Borde were performing the work as manager both before and during her three month period of disability-
Finally, it is contended that three bills (which total $22.61) were omitted in the trial court’s award of specials. We find that bills totaling that amount are in evidence and were not specifically itemized by the court in the award for specials. On the other hand the trial court awarded the entire amount of hospital bills notwithstanding the fact that some of Mrs. Borde’s treatment was not related to injuries resulting from the accident.
We fail to find a clear abuse of the trial judge’s discretion in fixing the amount of the award. LSA-C.C. Art. 1934(3); Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971).
The trial court’s judgment is affirmed at plaintiffs appellants’ costs.
Affirmed.