522 So.2d 1362 (1988)
MONROE MEDICAL CLINIC, INC. and Dr. Henry E. Jones, Plaintiffs-Appellants,
v.
HOSPITAL CORPORATION OF AMERICA, HCA Health Services of Louisiana, Inc. a/k/a HCA of North Monroe, North Monroe Community Hospital, and Arlen Reynolds, Defendants-Appellees.
No. 19515-CA.
Court of Appeal of Louisiana, Second Circuit.
March 30, 1988.
*1363 Grant and McGaha by Fred R. McGaha, Monroe, for plaintiffs-appellants.
McLeod, Swearingen, Verlander, Dollar, Price & Noah by David E. Verlander, Monroe, for defendants-appellees.
Before HALL, JASPER E. JONES and SEXTON, JJ.
SEXTON, Judge.
The plaintiff appeals a decision of the trial court sustaining an exception of no cause of action filed by Hospital Corporation of America. The trial judge found that Dr. Henry Jones and Monroe Medical Corporation failed to allege sufficient facts which would give rise to a cause of action for unfair trade practices. We reverse and remand.
Henry Jones is a physician and Monroe Medical Clinic is a wholly owned professional corporation. The clinic has two offices, one of which is on land across the street from North Monroe Community Hospital, which hospital is operated by HCA Health Services of Louisiana, a corporation owned by Hospital Corporation of America. Hospital Corporation of America (hereinafter HCA) is a corporation which is in the business of owning hospitals or subsidiaries. It owns or has owned lands surrounding North Monroe Community Hospital. Over the past few years, much of the land has been sold to various physicians, including Dr. Henry Jones for office sites. Also, HCA has erected buildings on some of the property and leased space therein for physicians' offices.
Plaintiffs filed suit seeking damages and an injunction based upon allegations of unfair *1364 trade practices in violation of LSA-R.S. 51:1401, et seq.
Plaintiffs claim that the defendant has entered into contractual relationships with area physicians thereby acquiring economic leverage over physicians and has used that leverage to interfere with the medical judgment of those physicians to the detriment of plaintiffs and of patients in general in the plaintiffs' area.
The district court heard the case on the defendant's exception of no cause of action, exception of no right of action and motion to strike. The motion to strike the claim for treble damages was granted and is not specified as error on appeal. The exception of no cause of action was sustained and forms the basis of the present appeal.
The peremptory exception of no cause of action is properly triable on the face of plaintiffs' petition and compels the court to gauge the legal sufficiency of the petition. In determining whether a plaintiff's petition has stated a cause of action, the court must presume the truth of plaintiff's allegation and apply the pertinent substantive law to the facts alleged. The peremptory exception of no cause of action is appropriately sustained only when, assuming plaintiff's allegations to be true, plaintiff has not stated a claim for which he can receive legal remedy under the applicable substantive law. Any reasonable doubt as to the sufficiency of the petition must be resolved in favor of a finding that plaintiff's petition has stated a cause of action. LSA-C.C.P. Art. 927; Kaufman & Enzer Joint Venture v. Bethlan Production Corporation, 459 So.2d 60 (La.App. 2d Cir. 1984); Scariano Brothers, Inc. v. Hammond Construction, 428 So.2d 564 (La. App. 4th Cir.1983); Smith v. Livingston Parish Police Jury, 423 So.2d 5 (La.App. 1st Cir.1982); Frain as Tutrix of Beason v. State Farm Insurance Co., 421 So.2d 1169 (La.App. 2d Cir.1982); Godwin v. East Baton Rouge Parish School Board, 372 So.2d 1060 (La.App. 1st Cir.1979), writ denied, 373 So.2d 527 (La.1979). Documents and exhibits attached to a plaintiff's petition must be considered in evaluating whether plaintiff has stated a cause of action, and the contents of such addendum must also be accepted as true. Kaufman & Enzer Joint Venture v. Bethlan Production Corporation, supra; Godwin v. East Baton Rouge Parish, supra; Guillory v. Nicklos Oil & Gas Co., 315 So.2d 878 (La.App. 3rd Cir.1975).
The trial court, in finding that no cause of action existed, concluded: "The sparse factual allegations made by plaintiffs in the petition and amended petition, when accepted as true, do not constitute an `unfair trade practice' under R.S. 51:1405."
In general terms, the plaintiffs have alleged that the defendant has engaged in a general course of conduct whereby groups of physicians or single physicians purchased and leased buildings or property from defendant, thus becoming heavily indebted to the defendant. Plaintiffs allege that as a result, the defendant and the physicians who have contracted with it enjoy a close working relationship and the defendant influences the "physicians' decisions affecting the treatment prescribed for their patients. It appears that the plaintiffs also allege, though less clearly, that as a result of the relationship between those contracting with them (described as "favored" health care providers), these providers do not contest the defendant's efforts to influence their decision making process, and that "unfavored" health care providers who contest the defendant's efforts to influence the physicians' decision making process are unfairly discriminated against.
Specifically, they allege that the defendant is involved in obtaining information from computers owned and operated by "unfavored" health providers. They also allege that the defendant encourages the breaking up of groups of physicians where one or more in the group may be an "unfavored" health care provider. They also allege that defendant refuses to call "unfavored" health care providers when they are so requested by patients, and also refuses "to refer these patients to `unfavored' health care providers."
In addition to the aforesaid acts, plaintiffs also allege that the defendant has *1365 agreed to cover monthly note operating losses, has provided free office space and use of hospital facilities, and has sold property to "favored" health care providers at reduced prices.
It would seem that a fair reading of plaintiffs' petition, then, is that they assert that the defendant is providing specific economic benefits to groups of doctors who contract with them to use their facilities, and that defendant uses this economic leverage to influence the actions of the "favored" physicians so as to unfairly block out or disadvantage the "unfavored" physicians.
LSA-R.S. 51:1405 A declares "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce ... unlawful." It has been established that this legislation is broad and does not specify particular violations. Guste v. DeMars, 330 So.2d 123 (La.App. 1st Cir.1976). Thus, what constitutes an unfair trade practice is to be determined by the courts on a case-by-case basis. Roustabouts, Inc. v. Hamer, 447 So.2d 543 (La.App. 1st Cir.1984); Dufau v. Creole Engineering, Inc., 465 So.2d 752 (La.App. 5th Cir.1985), writ denied, 468 So.2d 1207 (La.1985). LSA-R.S. 51:1409 confers a right of private action on "[a]ny person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal" from unlawful trade practices. This language has been held to confer the private right of action on both consumers and business competitors. Morris v. Rental Tools, Inc., 435 So.2d 528 (La.App. 5th Cir.1983).
The First Circuit has observed in this regard that:
Furthermore, it has been stated that a practice is unfair when it offends established public policy and when the practice is unethical, oppressive, unscrupulous, or substantially injurious to consumers and consumers include business competitors. Coffey v. Peoples Mortgage & Loan of Shreveport, Inc., 408 So.2d 1153 (La. App. 2d Cir.1981); Moore v. Goodyear Tire and Rubber Co., 364 So.2d 630 (La. App. 2d Cir.1978); Morris, 435 So.2d at 532; See also, National Oil Service of Louisiana, Inc. v. Brown, 381 So.2d 1269 (La.App. 4th Cir.1980).
Roustabouts, Inc. v. Hamer, supra, at 548.
Considering the pronouncements of the law and the interpretative jurisprudence, we are of the view that the allegations of plaintiffs' petition, to include those we have noticed herein, are sufficient to state a cause of action. Broadly interpreted, these allegations assert that defendant is influencing patients' choices and the decisions of "favored" health care providers through the unethical and oppressive use of economic advantage to the detriment of the plaintiffs.
Appellees present several arguments in support of the propriety of the district court decision. Generally stated, almost all of these arguments contend that the actions of the defendant are simply sound business practices, the exercise of permissible business judgment and/or appropriate free enterprise transactions. Such may well be the case. However, it seems to us that on the allegations asserted by the plaintiffs under existing law, they are entitled to a trial to determine whether the actions they allege are unethical, oppressive or unscrupulous, or whether they are simply the appropriate exercise of good business judgment and the proper workings of free enterprise.
The defendant also complains that the plaintiffs are attempting to bring their action in a representative capacity, which is not allowed by LSA-R.S. 51:1409. While some of plaintiffs' allegations might be read to be in a representative capacity, it is clear that many directly relate to the plaintiffs.
The defendant further contends that the plaintiffs are not entitled to injunctive relief. The defendant is correct. LSA-R.S. 51:1407 only allows the state through the attorney general to seek injunctive relief with respect to unlawful trade practices. Michaelson v. Montwani, 372 So.2d 726 (La.App. 4th Cir.1979). There is a split in the jurisprudence over whether partial exceptions of no right or no cause are *1366 available. See Borde v. Travelers Insurance Co., 281 So.2d 797 (La.App. 3rd Cir. 1973). The rationale for not allowing partial exceptions is judicial economy, as a judgment sustaining such an exception in the trial court is appealablethus giving rise to piecemeal appeals. Cenac Towing Co. v. Cenac, 413 So.2d 1351 (La.App. 1st Cir.1982). The same rationale would seem to favor the sustaining of partial exceptions of no right or no cause in the appellate court where the case comes to the court in a posture such as the instant case because it will effect judicial economy in the trial court on remand. However, for the sake of current judicial economy, we simply make these observations, pretermit the issue of exceptions to a portion of the case and remand the entire case. Defendant is protected on appeal should the issue rearise at the trial on the merits.
For the reasons aforesaid, the judgment appealed is reversed and the case is remanded to the district court for further proceedings. All costs of this appeal are assessed to appellees.
REVERSED AND REMANDED.