577 So.2d 120 (1991)
Ramon V. JARRELL
v.
William H. CARTER, Sr., et al.
No. CA 89 1274.
Court of Appeal of Louisiana, First Circuit.
March 5, 1991.
Rehearing Denied May 2, 1991.
*121 James Holliday, and David Robinson, Charles W. Roberts, Curtis Stafford, Jr., Baton Rouge, for plaintiff-appellant Ramon V. Jarrell.
Raymond Salassi, New Orleans, for defendant-appellee William H. Carter, Sr.
Tom Phillips, Mark Riley, John Runnels, Baton Rouge, for defendant-appellee Anheuser-Busch, Inc.
J. Peyton Parker, Jr., Baton Rouge, for intervenor-appellee Robert J. McDonald.
Before EDWARDS, WATKINS and LeBLANC, JJ.
EDWARDS, Judge.
The main issues in this suit for damages are whether the plaintiff has stated a cause of action and is a member of the class for whom the law affords a remedy. The trial court sustained the peremptory exception raising the objection of no cause of action and denied the peremptory exception raising the objection of no right of action filed by defendant. We affirm the denial of the exception of no right of action and reverse the sustaining of the exception of no cause of action filed by defendant, Anheuser-Busch, Inc.

FACTS AND PROCEDURAL BACKGROUND
On July 21, 1987, plaintiff, Ramon V. Jarrell, filed a suit for damages against Southern Beverage Company, Inc. (Southern), a distributor for Anheuser-Busch, Inc.; its major shareholder, William H. Carter, Sr.; Anheuser-Busch, Inc. (Anheuser); and Anheuser-Busch Investment Capital Corporation (A-B Investment) for lost profits, lost time and expenses in negotiations, and mental anguish. The petition alleged that Carter agreed to sell Southern to Jarrell for $16,500,000 conditioned upon the approval of Anheuser. Jarrell also alleged the following:
1. Financial arrangements to purchase the business were made by Jarrell, and a proposal was presented to Anheuser.
2. Anheuser informed Jarrell that the distributorship, Southern, was not worth the price offered by Jarrell. Anheuser stated that it would not approve the sale because the business would fail due to the excessive price paid by Jarrell. Anheuser also told Jarrell that it would disclose this information to any banks that had agreed to finance the purchase.
3. Jarrell resumed negotiations with Carter in an effort to work out arrangements for purchase of the distributorship which would satisfy Anheuser and provide Carter with his desired price. According to Jarrell, Carter refused to finalize any of the arrangements because of a professed fear of retaliation by Anheuser.
Jarrell further alleged that in 1987 Carter informed Jarrell that Southern would be sold to Anheuser for an amount substantially *122 above the value represented to Jarrell by Anheuser as the maximum worth of the distributorship. The alleged purpose of the purported undervaluation of Southern in 1984 by Anheuser and of the statements by Anheuser that it would notify Jarrell's backers of the alleged low value was to discourage Jarrell as a prospective buyer. It was alleged that Anheuser wanted to acquire the distributorship and, for this reason, discouraged other buyers.
Jarrell claimed these actions were unfair trade practices within the provisions of the Unfair Trade Practices and Consumer Protection Law, LSA-R.S. 51:1401, et seq., and that Jarrell was entitled to recovery under LSA-R.S. 51:1409(A) for the damages he suffered. The petition averred that Southern was eventually transferred to A-B Investment, a subsidiary of Anheuser. Jarrell also asserted as a basis for recovery Anheuser's tortious interference with the Carter and Jarrell contract negotiations and Anheuser's abuse of its right to approve or disapprove the sale.
Anheuser and A-B Investment filed the peremptory exceptions of no cause of action and no right of action. Both exceptors asserted that no cause of action is recognized in Louisiana for tortious abuse of rights or bad faith interference with contract negotiations and that the petition does not allege any actionable conduct under LSA-R.S. 51:1405(A), which declares unfair trade practices unlawful. The exceptors asserted that they owed no duty to Jarrell and that Jarrell failed to establish his right to rely on the Unfair Trade Practices Law as a consumer.
After a hearing, the trial court deferred ruling on the exceptions and granted plaintiff fifteen days to amend his petition. In the amended petition, filed on January 31, 1989, Jarrell named only Carter and Anheuser as defendants.[1] In the second petition, Jarrell restated the main allegations of the first petition and reiterated his claims of unfair trade practices and abuse of rights. Jarrell also asserted a claim under Civil Code articles 2315 and 2316 for damages caused by Anheuser's misrepresentations during the negotiations with Carter.[2]
Jarrell added that Anheuser, under a Wholesalers Equity Agreement, had the right to review sale proposals and, if it disapproved the sale for certain specified reasons, Anheuser could purchase the distributorship. Jarrell asserted that Anheuser recognized that the acquisition of Southern would be profitable and, therefore, Anheuser decided to disapprove any sales and to begin negotiations with Carter for the purchase of Southern. Plaintiff alleged that Anheuser engaged in a course of conduct that purposely discouraged potential purchasers and maintained pressure on Carter to spend considerable sums to update his facility or to sell to Anheuser. Anheuser allegedly purposely misrepresented to prospective purchasers, including Jarrell, the value of the distributorship and led Carter to believe that some of the potential purchasers were undercapitalized. Anheuser also allegedly put pressure on Carter that made him reluctant to agree to Jarrell's proposal of a structured sale that would satisfy Anheuser's valuation and still assure Carter his price in a manner Anheuser could not object to under the Wholesalers Equity Agreement.
*123 Jarrell averred that Anheuser knew that Southern was worth substantially more than the value placed on it by Anheuser in negotiations with Jarrell and alleged that Anheuser "engaged in a course of conduct intended to result in its own acquisition of the distributorship at a price far less than its value by abusing its right of prior approval through material misrepresentation of the value to [Jarrell] and the threat of confirming that misrepresentation to his financial backers."
Anheuser filed peremptory exceptions raising the objection of no cause of action and the objection of no right of action to the plaintiff's second petition based generally on the same grounds asserted in the previously filed peremptory exceptions to the first petition. The trial court sustained the exceptions of no cause of action, denied the exceptions of no right of action, and dismissed plaintiff's suit against defendants, Anheuser and A-B Investment. Jarrell appealed and argues that the sustaining of the exception of no cause of action filed by Anheuser was error. Anheuser answered and asserts that the trial court improperly denied Anheuser's exception of no right of action.

NO CAUSE OF ACTION
An objection of no cause of action can be raised by a peremptory exception. LSA-C.C.P. art. 927. The function of the exception of no cause of action is to test the legal sufficiency of the petition. The correctness of the well-pleaded allegations of fact is conceded, so the issue becomes whether the face of the petition presents a case which legally entitles the mover to the redress sought. Every reasonable interpretation must be accorded to the language of the petition in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. Hero Lands Company v. Texaco, Inc., 310 So.2d 93, 96 (La.1975). Any reasonable doubt as to the legal sufficiency of the plaintiff's petition must be resolved in favor of a finding that the petition has stated a cause of action. Monroe Medical Clinic, Inc. v. Hospital Corporation of America, HCA, 522 So.2d 1362, 1364 (La. App. 2d Cir.1988); Smith v. Livingston Parish Police Jury, 423 So.2d 5, 7-8 (La. App. 1st Cir.1982). If the petition states a cause of action as to any ground or portion of the demand, the peremptory exception raising the objection of no cause of action must be overruled. Hero Lands Company, 310 So.2d at 96.

UNFAIR TRADE PRACTICES
LSA-R.S. 51:1405(A) declares that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are ... unlawful." This legislation is broadly and subjectively stated and does not specify particular violations. Monroe Medical Clinic, Inc., 522 So.2d at 1365; Roustabouts, Inc. v. Hamer, 447 So.2d 543, 548 (La.App. 1st Cir.1984). What constitutes an unfair trade practice is better determined by the courts on a case-by-case basis. Roustabouts, 447 So.2d at 548. In that way, the many harms sought to be proscribed by the Unfair Practices and Consumer Protection Law can be prevented. It has been held that a practice is unfair when it offends established public policy and when the practice is unethical, oppressive, unscrupulous, or substantially injurious. Roustabouts, 447 So.2d at 548. LSA-R.S. 51:1409 confers a right of private action on "[a]ny person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal" from unfair trade practices. Although business consumers and competitors are included in the group afforded this private right of action, they are not its exclusive members. Roustabouts, 447 So.2d at 548.

APPLICATION OF PRINCIPLES
In general terms, the plaintiff has alleged a course of conduct whereby Anheuser, in competition with Jarrell and other prospective purchasers of Southern, purposely misrepresented the value of the distributorship and, in Jarrell's case, threatened to report the allegedly low valuation to his financial backers. Plaintiff has alleged that demands were made of Carter *124 and pressure exerted by Anheuser that would force Carter to reject other offers and agree to sell to Anheuser. Plaintiff has also alleged that as a result of these unfair trade practices, Anheuser took advantage of its superior negotiating position to remove any competition for the distributorship.
It appears that plaintiff alleged that prospective purchasers, including himself, were unfairly and unethically treated and were discriminated against by Anheuser's tactics. A reasonable interpretation of Jarrell's petition results in a finding of allegations that unfair trade practices were substantially injurious to Jarrell as a competitor of Anheuser's for the sale of Southern. We are of the view that the allegations of plaintiff's petitions are sufficient to state a cause of action.
Anheuser asserts in brief that many of these allegations are not supported by the evidence or the record and that the actions by Anheuser are not unfair trade practices. Anheuser argues that it has not wrongly exercised its right to disapprove the sale and that plaintiff admitted in his petition that he did not rely on the misrepresentations of Southern's value. This may all be proven to be true; however, we are reviewing an exception of no cause of action and must accept well pleaded allegations as true. The petition here is legally sufficient and plaintiff is entitled to a trial and an opportunity to prove his assertions. Of course, the court may find that the allegations are untrue and the actions were simply the exercise of good business judgment. See Monroe Medical Clinic, Inc., 522 So.2d at 1365.
By finding that the petition states a cause of action as to a ground or portion of the demand, we need go no further. Plaintiff, however, is not precluded from asserting any of the properly alleged theories of recovery at trial, such as the claims based on LSA-C.C. articles 2315 and 2316. The trial court erred in sustaining Anheuser's peremptory exception raising the objection of no cause of action.

NO RIGHT OF ACTION
The objection of no right of action is raised by a peremptory exception. LSA-C. C.P. art. 927. The exception of no right of action is used to determine if a party is a member of the class for whom the law affords a remedy. Livingston Parish Police Jury, 423 So.2d at 8.
The overruling of a peremptory exception of no right of action is an interlocutory judgment. See LSA-C.C.P. art. 1841. However, when a judgment is rendered in a case which is appealable, the reviewing court can then consider the correctness of the prior interlocutory judgment. Nicholson v. Holloway Planting Co., 262 So.2d 176, 178 (La.App. 1st Cir.1972) quoting from People of the Living God v. Chantilly Corporation, 251 La. 943, 207 So.2d 752 (1968).
Anheuser answered the appeal and objected to the trial court's denial of the exception of no right of action filed by defendant, Anheuser. Anheuser argues that Jarrell does not have a right of action under the Unfair Trade Practices provisions because Jarrell did not allege injury to himself as a consumer or business competitor. We disagree.
In Roustabouts, this court found that business consumers and business competitors are included in the group afforded a right of action by the Act. Jarrell does not specifically label himself a consumer or business competitor, but he does allege facts sufficient to classify him as a member of the group provided for by LSA-R.S. 51:1409(A). LSA-R.S. 51:1409(A) provides an action for "[a]ny person who suffers any ascertainable loss of money or movable property ... as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by LSA-R.S. 51:1405...." The trial court properly denied the peremptory exception raising the objection of no right of action and that portion of the judgment is affirmed.
For the foregoing reasons, the portion of the judgment sustaining the peremptory exception raising the objection of no cause *125 of action and dismissing plaintiff's suit as to Anheuser is reversed, and the exception is overruled. The remainder of the judgment is affirmed. The case is remanded to the trial court for further proceedings. All costs are to await a final determination.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] In brief, Jarrell states that his first petition was replaced by the second petition. In his second petition, Jarrell does not specifically assert an action based on interference with contract negotiations and does not name A-B Investment as a defendant. In this appeal, Jarrell does not object to the dismissal of the suit against A-B Investment. Therefore, the dismissal of A-B Investment will not be disturbed.
[2] Louisiana has rejected a complete adoption of the common law doctrine of tortious interference with a contract, but has applied it in one particular set of circumstances. See 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La. 1989). However, the Louisiana Supreme Court in Spurney inferred that other claims may be recognized in the future and directed attention to the broad relief afforded under Civil Code article 2315. Civil Code article 2315 obliges a person to repair damage caused another by his fault.

Abuse of rights, although a limited doctrine, has been recognized in Louisiana. See Truschinger v. Pak, 513 So.2d 1151 (La.1987); Morse v. J. Ray McDermott & Co., Inc., 344 So.2d 1353 (La.1976, On Rehearing 1977).