GONZALES, Judge.
Plaintiff, Clifton Strahan d/b/a Cliff Stra-han Realty (Strahan), filed suit against the State, through the Department of Agriculture and Forestry; Service Merchandise Company, Inc.; New South Investments, Inc.; and Roshto Real Estate Company, Inc.; and J.A. Rockhold, alleging that he was the procuring cause of the sale of a building owned by Service Merchandise Company, Inc. to the State and was wrongfully deprived of a relator’s commission of $240,000. Mr. Strahan is appealing the trial court’s granting of a motion for summary judgment in favor of New South Investments, Inc., and Roshto Real Estate, Inc. Mr. Strahan assigns as error the trial court’s granting of the motion for summary judgment and the assessment of court costs against him.[2]
In his original and supplemental and amending petitions, Strahan asserts that the defendants engaged in a scheme of unfair trade practices and acted in bad faith against plaintiff as a direct attempt to avoid [the seller] having to pay plaintiff a commission on the sale of real estate to the State of Louisiana, Department of Agriculture and Forestry. Thus, the issue presented in this case is whether defendants established that there are no genuine issues of material fact thus entitling them to judgment, as a matter of law.
A cause of action for unfair trade practices is governed by the provisions of the Unfair Trade Practices and Consumer Protection Law. LatR.S. 51:1401 et seq. Louisiana Revised Statute 51:1405(A) provides that “[ujnfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.” This legislation is broadly and subjectively stated and does not specify particular violations. Jarrell v. Carter, 577 So.2d 120, 123 (La.App. 1st Cir.), writ denied, 582 So.2d 1311 (La.1991). What constitutes an unfair trade practice is determined by the courts on a case-by-ease basis. In that way, the many harms sought to be proscribed by the Act can be prevented. Jarrell, 577 So.2d at 123.
Louisiana Revised Statute 51:1409 confers a right of private action on “[a]ny person who suffers any ascertainable loss of money or moveable property, corporeal or incorporeal” from unfair trade practices. Thus, under the act, plaintiff must show that he suffered “ascertainable loss of money or moveable property” as a result of the unfair practices of defendants. Likewise, to prevail on the Motion for Summary Judgment, defendants *888 were required to establish that they did not engage in unfair trade practices or deceptive acts or that plaintiff has suffered no ascertainable loss.
Defendants allege there was no agreement between plaintiff and the seller for the payment of a commission to plaintiff. They further contend that even if there was an agreement or contract authorizing plaintiff to locate a prospective buyer, defendants are entitled to judgment as a matter of law, as plaintiff was not the procuring cause of the sale which ultimately occurred. Thus, the core issue in this case is whether Mr. Strahan was a procuring cause of the sale of the Service Merchandise Building. It is well settled in our law that a realtor is entitled to a commission, even though the sale is consummated after termination of the agency contract, if the realtor was the procuring cause of the sale. Procuring cause refers to the efforts of a broker in introducing or interesting a purchaser and means that negotiations eventually leading to a sale must be the result of some active effort of the broker. Cramer v. Guercio, 331 So.2d 550, 552 (La.App. 1st Cir.1976). (Citations omitted). New South Investments, Inc. and Roshto Real Estate, Inc. argue that Mr. Strahan could not have been a procuring cause of the sale of the building because he abandoned his efforts to sell the building after June of 1986. Mr. Strahan argues that he took steps which indicate he did not abandon his efforts to sell the budding, and further, that in order to determine that he was not a procuring cause of the sale of the building, the trial court had to make factual determinations, which are not appropriate on a motion for summary judgment.
Summary judgment under La.C.C.P. art. 966 is available only when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26 (La.1982); Dixie Campers, Inc. v. Vesely Company, 398 So.2d 1087 (La.1981); Chaisson v. Domingue, 372 So.2d 1225 (La.1979). All doubt concerning disputes as to a material issue of fact must be resolved against granting the motion for summary judgment and in favor of trial on the merits. Penalber v. Blount, 550 So.2d 577 (La.1989); Lytell v. Goodyear Tire & Rubber Co., 439 So.2d 542 (La.App. 1st Cir. 1983); Gulf-Wandes Corporation v. Vinson Guard Service, Inc., 393 So.2d 207 (La.App. 1st Cir.1980), writ denied, 397 So.2d 1359 (La.1981).
After thorough examination and review of the record, we find that the trial court erred in granting the motion for summary judgment because there are disputed issues of material fact which cannot be resolved on a motion for summary judgment. Because we have reversed the trial court judgment, we need not separately address the assessment of costs against Mr. Strahan. The trial court costs will be assessed after trial on the merits.
Therefore, for the foregoing reasons, the trial court judgment granting New South Investment Inc., and Roshto Real Estate Inc.’s motions for summary judgment are reversed. Costs are assessed against appel-lees, New South Investments, Inc., and Roshto Real Estate, Inc.
REVERSED AND RENDERED.

. Service Merchandise filed an "Answer to Appeal," which refers to the trial court’s judgment dated August 14, 1992. The judgment involved in this appeal is dated September 15, 1992, and does not involve Service Merchandise. Therefore, we do not address Service Merchandise's request for damages, attorneys fees and costs, because they are not a party to this appeal.