684 So.2d 982 (1996)
NILAND'S FUNERAL SERVICE, INC.
v.
Timothy J. STANLEY, Administrator, Succession of Emelia C. Monceret.
No. 96 CA 0378.
Court of Appeal of Louisiana, First Circuit.
November 8, 1996.
Rehearing Denied January 23, 1997.
John Wayne Jewell, New Roads, for Plaintiff-Appellee Niland's Funeral Service, Inc.
Ronald Gossen, Lafayette, for Defendant-Appellant Timothy J. Stanley, Administrator.
Before WHIPPLE, PITCHER and FITZSIMMONS, JJ.
PITCHER, Judge.
In his capacity as administrator for the Succession of Emelia C. Monceret, Timothy Stanley appeals from the granting of a motion for summary judgment, ordering him to pay Niland's Funeral Service, Inc. $6,202.18, together with an additional sum representing *983 interest at the rate of one and one-half (1½%) per centum per month thereon from May 30, 1995, until paid, together with the sum of $1,500.00 as attorney's fees, and all costs of the proceedings. We reverse and render.

FACTS AND PROCEDURAL HISTORY
On August 26, 1990, Emelia C. Monceret (decedent) died intestate in Pointe Coupee Parish, Louisiana. On August 27, 1990, Dr. Joseph E. Monceret, the decedent's son, entered into a contract with Niland's Funeral Service, Inc. (Niland's) in which Niland's agreed to provide the funeral services for the total cost of $5,914.11. According to the contract, Dr. Monceret agreed to pay the amount due under the contract in 30 days, and if there was a remaining balance due after September 27, 1990, then "a finance charge of 1½% monthly (annual percentage rate of 18%) would be added to the unpaid portion of the balance due." The contract also provided for the payment of reasonable attorney's fees and court costs in the event of default.
At the time of decedent's death, State National Life Insurance (State National) had a life insurance policy for the decedent with a value of $1,150.00. Following the decedent's death, State National paid the policy proceeds of $1,150.00 to Niland's as partial payment on the amount due for the funeral services. There remained an outstanding balance in the amount of $4,764.11 in funeral expenses after State National's payment on September 18, 1990. On September 27, 1990, interest began to accrue on this outstanding balance of $4,764.11. Niland's began sending monthly statements to Dr. Monceret regarding the unpaid balance.
On January 6, 1992, the decedent's succession was judicially opened. Timothy Stanley (Mr. Stanley), the decedent's grandson, was appointed administrator of the decedent's succession on May 28, 1992. Subsequently, Niland's filed a proof of claim against the decedent's succession for the funeral expenses and interest thereon at the rate of 18% per annum from June 29, 1992 until paid. The record reflects that Mr. Stanley never filed an acknowledgment or rejection of Niland's claim.
On May 30, 1995, Mr. Stanley sold the only immovable asset of the succession and with court approval, paid Niland's $4,764.11, which represented the unpaid principal balance of funeral expenses due. After this payment by Mr. Stanley, there remained a balance of $6,202.18 in accrued interest due under the contract.
On May 31, 1995, Niland's sued Mr. Stanley in his capacity as administrator for the Succession of Emelia C. Monceret, seeking the amount of $6,202.18 in interest due under the contract between Niland's and Dr. Monceret. Niland's also sought an additional sum representing interest at the rate of one and one-half (1½%) per centum per month on the $6,202.18 from May 30, 1995 until paid, along with reasonable attorney's fees and court costs.
Mr. Stanley filed an answer on June 22, 1995, alleging the affirmative defense of extinguishment of any obligation that the Succession of Emelia C. Monceret owed to Niland's. Mr. Stanley also alleged that neither he nor anyone else in a representative capacity for or on behalf of the succession entered into a contract with Niland's.
On June 27, 1995, Niland's filed a supplemental petition, adding Dr. Monceret as a defendant.[1] On July 6, 1995, Mr. Stanley filed a peremptory exception pleading the objection of no cause of action, alleging that the contract sued upon by Niland's was between Niland's and Dr. Monceret. Mr. Stanley also filed a motion for summary judgment, asserting that there were no genuine issues of material fact.
On November 15, 1995, Niland's filed a motion for summary judgment. Niland's and Mr. Stanley submitted the motions for summary *984 judgment and the peremptory exception pleading the objection of no cause of action on briefs. Thereafter, the trial court rendered a judgment, denying Mr. Stanley's peremptory exception pleading the objection of no cause of action and his motion for summary judgment. The trial court further granted Niland's motion for summary judgment, ordering Mr. Stanley, as administrator of the Succession of Emelia C. Monceret, to pay the sum of $6,202.18, together with an additional sum representing interest at a rate of one and one-half (1½%) per centum per month thereon from May 30, 1995 until paid, together with the sum of $1,500.00 as attorney's fees, and all costs of the proceedings. It is from this judgment that Mr. Stanley appeals and alleges the following assignments of error:
1. The trial court erred in rendering a judgment against appellant, Timothy J. Stanley as administrator of the Succession of Emelia Chenevert Monceret.
2. The trial court erred in rendering judgment against defendant, Dr. Joseph E. Monceret.
3. The trial court erred in overruling and denying appellant's exception of no cause of action and in denying appellant's motion for summary judgment.
Niland's filed an answer to the appeal, requesting additional attorney's fees for the services of its attorneys in this appeal and for payment of court costs of this appeal.

EXCEPTION OF NO CAUSE OF ACTION
In Assignment of Error Number Three, Mr. Stanley contends that the trial court erred in failing to grant his peremptory exception pleading the objection of no cause of action.
The law is well settled that the function of the exception of no cause of action is to test the legal sufficiency of the petition. The correctness of the well-pleaded allegations of fact is conceded, so the issue becomes whether the face of the petition presents a case which legally entitles mover to the redress sought. Every reasonable interpretation must be accorded to the language of the petition in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. Hero Lands Company v. Texaco, Inc., 310 So.2d 93, 96 (La.1975); Jarrell v. Carter, 577 So.2d 120, 123 (La.App. 1st Cir.), writ denied, 582 So.2d 1311 (La.1991). Any reasonable doubt as to the legal sufficiency of the plaintiff's petition must be resolved in favor of a finding that the petition has stated a cause of action. Jarrell v. Carter, 577 So.2d at 123; Monroe Medical Clinic, Inc. v. Hospital Corporation of America, 522 So.2d 1362, 1364 (La.App. 2nd Cir.1988). No other evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. LSA-C.C.P. art. 931. For purposes of deciding such an exception, all well pleaded allegations of the petition, as well as those appearing from annexed documents, must be taken as true. Godwin v. East Baton Rouge Parish School Board, 372 So.2d 1060, 1062 (La.App. 1st Cir.), writ denied, 373 So.2d 527 (La.1979).
Niland's filed a petition and a supplemental petition, naming as defendants, Dr. Monceret and Mr. Stanley, in his capacity as appointed and qualified administrator of the Succession of Emelia C. Monceret. These petitions indicate that Niland's seeks to collect from Dr. Monceret and Mr. Stanley, in solido, $6,202.18 in unpaid interest due under the contract that existed between Niland's and Dr. Monceret for the funeral services. Attached to Niland's petition was a copy of the contract.
According to the petition, Niland's received the total principal sum due for the funeral services, receiving $1,150.00 in life insurance proceeds and $4,764.11 from the decedent's estate.
A review of the petition indicates that Niland's is suing to enforce the terms and conditions under the contract between Niland's and Dr. Monceret, which permits Niland's to collect interest along with attorney's fees[2] and court costs. Clearly, there is no *985 privity of contract between Niland's and Mr. Stanley, in his capacity as administrator. In fact, a review of the contract shows that no contractual relationship existed between Niland's and Mr. Stanley. An exception of no cause of action is a proper procedural device to assert that the law does not afford a remedy to a plaintiff because of a lack of privity of contract. Robinson v. North American Royalties, Inc., 463 So.2d 1384 (La.App. 3rd Cir.), modified on appeal, 470 So.2d 112 (La.1985). Based upon the lack of privity of contract, the trial court should have sustained the peremptory exception pleading the objection of no cause of action.[3]
LSA-C.C.P. art. 934 provides as follows:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
In light of our determination that Niland's does not have a privity of contract with Mr. Stanley, as administrator of the Succession of Emelia C. Monceret, for the collection of interest, attorney's fees and court costs, the grounds for the objection cannot be removed. Thus, we conclude that the trial court erred in denying the peremptory exception pleading the objection of no cause of action.
Because of this conclusion, we pretermit a discussion of the remaining issues raised in Assignments of Error Numbers One and Three.[4]

NILAND'S ANSWER TO THE APPEAL
In answer to the appeal, Niland's seeks additional attorney's fees for the services of its attorneys in this appeal and court costs for this appeal.
An increase in attorney's fees is usually awarded when the defendant appeals and obtains no relief, and when the appeal has necessitated additional work on the part of plaintiff's counsel, provided that plaintiff has requested the increase in accordance with proper appellate procedure. Pitcher v. Hydro-Kem Services, Inc., 551 So.2d 736, 740 (La.App. 1st Cir.), writ denied, 553 So.2d 466 (La.1989).
In the case at hand, the defendant, Timothy Stanley, appealed and obtained the relief sought; therefore, plaintiff's, Niland's Funeral Service, Inc., request for additional attorney's fees is not warranted.

CONCLUSION
For the foregoing reasons, the trial court's judgment, denying Mr. Stanley's peremptory exception pleading the objection of no cause of action and granting Niland's motion for summary judgment, is reversed. Judgment is rendered in favor of Timothy Stanley in his capacity as administrator of the Succession of Emelia C. Monceret and against Niland's Funeral Service, Inc., sustaining the exception of no cause of action and dismissing this action against Mr. Stanley in his capacity as administrator. Costs of the appeal are assessed to Niland's Funeral Service, Inc.
REVERSED AND RENDERED.
NOTES
[1] The record reflects that Dr. Monceret did not file an answer in this suit. On August 30, 1995, Niland's obtained a preliminary default against Dr. Monceret, and on September 6, 1995, the default judgment was confirmed, ordering Dr. Monceret to pay $6,202.18, together with an additional sum representing interest at the rate of one and one-half (1½%) per centum per month thereon from May 30, 1995 until paid, together with the sum of $1,500.00 in attorney's fees, and all costs of these proceedings. We note that no appeal was taken from this default judgment.
[2] We note that attorney's fees generally are not awarded unless specifically provided for by contract or by statute. Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014, 1015 (La.1984). Additionally, statutes authorizing awards of attorney fees must be strictly construed because of their penal nature. Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d at 1015-16. Clearly, no contract or statute permits Niland's to collect attorney's fees from Mr. Stanley, as administrator of the Succession of Emelia C. Monceret.
[3] Although LSA-C.C. art. 3252 provides for a privilege for funeral expenses on movable and immovables of an estate, Niland's admits in its petition that the funeral expenses were paid. Thus, we find that there was no cause of action for funeral expenses against Mr. Stanley, in his capacity as administrator, based upon the privilege provided by LSA-C.C. art. 3252.
[4] In Assignment of Error Number Two, Mr. Stanley contends that the trial court erred in rendering a judgment against Dr. Monceret. As previously noted, Niland's obtained a default judgment against Dr. Monceret. No appeal was taken from this default judgment; therefore, that issue is not before us on appeal.