JOHNSON, Justice,
concurs in the result and assigns reasons.
|) While I agree that Plaintiffs’ petition should be dismissed, I disagree with the majority opinion finding that the Plaintiffs are entitled to bring an action under the Unfair Trade Practices and Consumer Protection Law (LUTPA). In my opinion, the Plaintiffs have no standing to assert a claim for damages pursuant to LUTPA.
The LUTPA is set forth in La. R.S. 51:1401 et seq. Section 1409 creates a private right of action under LUTPA. Pursuant to the statute, an action can be brought by “[a]ny person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405.” La. R.S. 51:1409(A). The majority concludes that, based on the clear wording of the statute, there is nothing in the Act that limits the private cause of action to business competitors and con *1064 sumers. Given the purpose of LUTPA, and the existing jurisprudence, I must respectfully disagree.
Although, standing alone, the words “any person” might include the plaintiffs here, I do not find that a proper reading of the LUTPA, along with existing jurisprudence, supports the majority’s conclusion. While not specifically defining |2unfair acts or practices, the Act specifically provides that “[ujnfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.” La. R.S. 51:1405(A). In my view, the reference to “competition” and “trade or commerce” indicates an intent by the legislature to allow business competitors to pursue an action again an adversary who has used deceptive trade practices. Combined with the purpose of the Act to protect consumers, the logical interpretation is that the legislature intended to limit the private right of action to consumers and business competitors.
This interpretation is supported by the fact that the development of consumer protection laws was essentially a response to consumer dissatisfaction with their treatment in the marketplace. See Breeden and Lovett, Louisiana’s New Unfair Trade Practice and Consumer protection Law, 20 La. B.J. 307, 308 (1973). While private disputes, like the one here, were already protected by remedies in commercial law, consumers had inadequate remedies to protect themselves from unscrupulous conduct, and the cost to pursue any remedy was cost prohibitive given the expense of litigation relative to the amount of likely recovery. Id. at 308. Similarly, business competitors were often without remedy under contract or other commercial laws.
Admittedly, the statutory language is broad, and appears to afford a right to any person damaged by unfair trade practices committed by another. However, the majority of the jurisprudence to date has interpreted this language narrowly. Appellate courts throughout this state have found that the personal right of action afforded under LUTPA applies only to direct consumers or to business competitors.[1] See Reed v. Allison & Perrone, 376 So.2d 1067 (La.App. 4 Cir.1979); National Oil Service of Louisiana v. Brown, 381 So.2d 1269 (La.App. 4 Cir.1980); Gil v. Metal Serv. Corp., 412 So.2d 706 (La.App. 4 Cir.1982); J.B.N. Morris v. Rental Tools, Inc., 435 So.2d 528 (La.App. 5 Cir.1983); Monroe Medical Clinic, Inc. v. Hospital Corporation of America, 522 So.2d 1362 (La.App. 2 Cir.1988); National Gypsum Co. v. Ace Wholesale, Inc., 98-1196 (La.App. 5 Cir. 6/1/99), 738 So.2d 128; Vermilion Hospital, Inc. v. Patout, 2005-82 (La.App. 3 Cir. 6/8/05), 906 So.2d 688; Dominion Exploration & Production, Inc. v. Waters, 2007-0386 (La.App. 4 Cir. 11/14/07), 972 So.2d 350; Washington Mut. Bank v. Monticello, 07-1018 (La.App. 3 Cir. 2/6/08), 976 So.2d 251; Indest-Guidry, Ltd. v. Key Office Equipment, Inc., 2008-599 (La.App. 3 Cir. 11/5/08), 997 So.2d 796.
Louisiana federal courts have also interpreted LUTPA to provide for a private cause of action only for direct consumers or business competitors. See Delta Truck *1065 & Tractor, Inc. v. J.I. Case Co., 975 F.2d 1192, 1205 (5th Cir.1992); Gardes Directional Drilling v. U.S. Turnkey Exploration Co., 98 F.3d 860 (5th Cir.1996); Computer Management Assistance Co. v. DeCastro, Inc., 220 F.3d 396 (5th Cir.2000); Tubos de Acero de Mexico, S.A. v. American International Investment Corp., Inc., 292 F.3d 471 480 (5th Cir.2002); Schenck v. Living Centers-East, Inc., 917 F.Supp. 432 (E.D.La.1996); Cashman Equipment Corp. v. Acadian Shipyard, Inc., 2002 WL 1433876 (E.D.La.2002); Landreneau v. Fleet Financial Group, 197 F.Supp.2d 551, 557 (E.D.La.2002) (noting that the “real thrust” of LUTPA is to deter injury to competition; thus, where the plaintiffs are not in competition with the defendants, most courts treat the claim as a breach of contract claim, which is not actionable under LUTPA).
|4This Court has never ruled directly on this issue, nor addressed the split in the circuits. While the majority has relied on a broad reading of the statutory language to find that the plaintiffs have standing to assert a private cause of action, I would follow the prevailing jurisprudence and interpret the language more narrowly, thus limiting the cause of action to direct consumers or business competitors.
Moreover, it is important to note that despite the nearly uniform interpretation of the statute, over many years, limiting the private right of action to business competitors and consumers, the legislature has not amended the statute to suggest that such interpretation has been erroneous.
While the protection of the statute may appear to be broad, I do not believe that the claims involved in this case fall under the intended scope of the statute. Thus, because plaintiffs are neither a business competitor nor consumer, I would find that they have no standing to bring a claim under LUTPA.

. It appears that only the First Circuit has held that the private right of action is not reserved exclusively to business consumers and competitors. See Roustabouts, Inc. v. Hamer, 447 So.2d 543 (La.App. 1 Cir.1984); Jarrell v. Carter, 577 So.2d 120, 123 (La.App. 1 Cir.1991); Capitol House Preservation Co. v. Perryman Consultants, Inc., 98-1514 (La.App. 1 Cir. 12/10/98), 725 So.2d 523; Plaquemine Marine, Inc. v. Mercury Marine, 03-1036 (La.App. 1 Cir. 7/25/03), 859 So.2d 110. But, see Thibaut v. Thibaut, 607 So.2d 587 (La.App. 1 Cir.1992), which held that LUTPA did not provide the plaintiffs with a cause of action since they were neither competitors nor consumers.