NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-53

LAFAYETTE CONSOLIDATED GOVERNMENT

VERSUS

RMD HOLDINGS, LTD., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20162768
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett
and D. Kent Savoie, Judges.

REVERSED AND REMANDED.

Michael Dean Hebert
Becker & Hebert, LLC
201 Rue Beauregard
Lafayette, LA 70508
(337) 233-1987
COUNSEL FOR PLAINTIFF-APPELLANT:
    Lafayette Consolidated Government

**Sanettria Glasper Pleasant**
**Kirk Anthony Bergeron**
**Louisiana Department of Transportation and Development**
**1201 Capitol Access Rd.**
**P. O. Box 94245**
**Baton Rouge, LA 70804-9245**
**(225) 379-1261**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **State of Louisiana, Department of Transportation & Development**

**PICKETT, Judge.**

The plaintiff, Lafayette Consolidated Government (LCG), appeals a judgment of the trial court granting a peremptory exception of no cause of action filed by the Louisiana Department of Transportation and Development (DOTD) and dismissing all claims against DOTD.

## FACTS

DOTD undertook a project to improve a portion of Louisiana Highway 339 (Verot School Road) inside the corporate limits of Lafayette. DOTD and LCG entered into two agreements in furtherance of the project, which included issues related to planning, funding, construction, maintenance, and ownership once the project was completed. During the course of the construction, LCG alleges certain of its roads were damaged by the contractors and suppliers engaged by DOTD. LCG originally filed suit against the general contractor for the project, RMD Holdings, Ltd., and its insurer, Amerisure Mutual Insurance Company. LCG filed an amended petition adding an additional thirty-seven defendants, primarily subcontractors and suppliers for the project. LCG also named DOTD as a defendant. The amended petition alleges all the defendants are jointly and solidarily liable for the damages to the roads.

DOTD filed an exception of no cause of action. Following a hearing, the trial court sustained the exception of no cause of action without issuing any reasons. LCG appealed. Because the original judgment lacked decretal language, this court issued a rule to show cause why the appeal should not be dismissed. The trial court subsequently signed a judgment dismissing all claims against DOTD with prejudice, and this court recalled its rule to show cause.

## ASSIGNMENTS OF ERROR

LCG asserts two assignments of error:

1. The District Court erred in sustaining DOTD's Exception of No Cause of Action because DOTD failed to meet its burden of proving its Exception of No Cause of Action.

2. The District Court erred in failing to permit Lafayette to amend its Amended Petition to sufficiently state a cause of action against DOTD.

## DISCUSSION

In *City of New Orleans v. Board of Directors of Louisiana State Museum*, 98-1170, pp. 9-10 (La. 3/2/99), 739 So.2d 748, 755-56, the supreme court set forth the purpose of a peremptory exception of no cause of action:

> The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition. The burden of showing that the plaintiff has stated no cause of action is upon the exceptor. The public policy behind the burden is to afford the party his day in court to present his evidence. *Jarrell v. Carter*, 577 So.2d 120 La.App. 1 Cir.), *writ denied*, 582 So.2d 1311 (La.1991). The exception is triable on the face of the papers, and for the purpose of determining the issues raised by the exception, the court must presume that all well-pleaded facts in the petition are true. All reasonable inferences are made in favor of the nonmoving party in determining whether the law affords any remedy to the plaintiff. LA.CODE CIV.P. arts. 927, 931; *Mayer v. Valentine Sugars, Inc.*, 444 So.2d 618 (La.1984). A court of appeal reviews de novo a lower court's ruling sustaining an exception of no cause of action because the exception raises a question of law and because the lower court's decision is generally based only on the sufficiency of the petition. *Mott v. River Parish Maintenance, Inc.*, 432 So.2d 827 (La.1983). The question is whether, in the light most favorable to the plaintiff, the petition states any valid cause of action for relief. *Jarrell*, 577 So.2d at 120.

> Generally, under LA.CODE CIV.P. art. 931 parties may introduce no evidence to support or controvert the exception. *See, e.g., Treasure Chest Casino, L.L.C. v. Parish of Jefferson*, 96-1010 (La. App. 1 Cir. 3/27/97), 691 So.2d 751, 754, *writ denied*, 97-1066 (La. 6/13/97), 695 So.2d 982. . . .

> An exception of no cause of action is likely to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the petition that there is some insurmountable bar to relief. Thus, dismissal is justified only when the allegations of the

petition itself clearly show that the plaintiff does not have a cause of action, or when its allegations show the existence of an affirmative defense that appears clearly on the face of the pleadings. [*City of New Orleans v.*] *Board of Comm'rs of Orleans Levee Dist.*, [93-690 La. 7/5/94),] 640 So.2d [] 237. A court appropriately sustains the peremptory exception of no cause of action only when, conceding the correctness of the well-pleaded facts, the plaintiff has not stated a claim for which he can receive legal remedy under the applicable substantive law.

In its amended petition, LCG made the following allegations:

10.

Since the inception of the Projects, in order for RMD to prosecute its work under the contract with DOTD, RMD hired the Defendants named in Paragraph 1(D) through Paragraph 1(MM) as contractors, subcontractors, and/or vendors to provide labor, materials, equipment, and other services in order to complete said Projects. Thereafter, in order to prosecute their work under the contract with DOTD and/or contracts and agreements amongst themselves, the Defendants utilized the public roadways owned by the Lafayette Consolidated Government to provide labor, haul equipment, haul materials, and provide other services associated with the projects.

11.

The Petitioner avers that it notified the Defendants, through their supervisors, agents, and/or representatives, on numerous occasions that the public roadways were not designed nor rated to sustain the construction traffic loads that the Defendants were placing on them. As such, the Defendants had notice and initially performed some patching and overlay where needed on the roadways; however, the Defendants' maintenance ceased and the roadways deteriorated rapidly. The Defendants' maintenance and repair of the roadways constitutes an acknowledgment that it caused the damage; yet, despite its knowledge and acknowledgment, the Defendants used and continue to use said roadways thereby causing continuous and successive damage.

12.

Accordingly, the Defendants knew or should have known that its use of the roadways exceeded the weight limit and caused continuous damage to said roadways; therefore, said damages fall under Louisiana's continuing tort doctrine because the damages are continuing in nature.

14.

The Petitioner maintains that the continuous actions and/or inactions of the Defendants are negligent and caused damage to the property of the Petitioner, which has resulted in the following continuous and successive damages:

3

a) Cost and expense to investigate and inspect the damage to the public roadways at issue herein to determine the issues and damages and how to remedy them;
b) Cost and expense to repair, reconstruct, replace, and/or dispose of damaged portions of said roadways;
c) Cost and expense related to all other consequential damages resulting from the Defendants' continued use and continuous damage to the public roadways at issue herein; and
d) All other damages sustained by the Petitioner as may be shown and proven at the trial on the merits of this matter.

15.

Accordingly, the Petitioner asserts that the Defendants are liable, jointly and in solido, for the continuous and successive damages relating to and arising out of the Defendants' present and continued use and negligence in failing to maintain the public roadways in the City of Lafayette.

Taking all of the well-pleaded facts in the amended petition as true, we find that LCG has stated a cause of action against DOTD. The agreements between DOTD and LCG, which are attached to the original petition, clearly state that DOTD will provide certain oversight of the projects, including inspection. LCG alleges that it gave notice to DOTD about the damage. The complete contract between DOTD and RMD Holdings is not in the record, and the exact nature of DOTD's involvement in the project is not in the pleadings.

## CONCLUSION

We reverse the judgment of the trial court dismissing LCG's claims against DOTD, overrule DOTD's peremptory exception of no cause of action, and remand the matter to the trial court for further proceedings. Costs of this appeal in the amount of $2,991.00 are taxed to DOTD.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

4