WELCH, J.
^Plaintiffs, the Louisiana Public Service Commission (LPSC) and its commissioners in their official capacities, Lambert C. Boissiere, III, James M. Field, Foster L. Campbell, Eric F. Skrmetta, and Clyde C. Holloway, appeal a judgment sustaining a peremptory exception raising the objection of no cause of action in favor of defendant, the Louisiana State Legislature (“Legislature”), and dismissing their petition challenging the constitutionality of two legislative acts with prejudice. We reverse and remand.
BACKGROUND
On July 1, 2010, the LPSC filed this lawsuit in the Nineteenth Judicial District Court against the Legislature seeking a declaration that Act 226 of the 2009 regular session and Act 633 of the 2010 regular session were unconstitutional. Specifical *534 ly, the LPSC contended that the challenged acts transferred and redirected monies held in three funds, dedicated by statute to fund the operation of the LPSC, into the state’s general fund in violation of Article III, Section 2, Article VII, Section 2, and Article VII, Sections 7 and 10 of the Louisiana Constitution. The LPSC also asserted that the acts violated constitutional guarantees of equal protection and due process.
In the petition, the LPSC pled the following facts: The LPSC is a constitutionally created agency within the executive department and has the constitutional duty to manage the rates of public utilities and common carriers and to protect the interests of its jurisdictional ratepayers throughout Louisiana. All of the LPSC’s operations are funded with fees held in dedicated funds collected from its jurisdictional entities which, in turn, recuperate those amounts from their ratepayers. The LPSC does not receive any monies from the state general fund revenues. Instead, the Legislature appropriates the entirety of the LPSC’s funding from three source funds created by statute: (1) the Utility and Carrier Inspection Land Supervision Fund (established by La. R.S. 45:1177); (2) the Telephonic Solicitation Relief Fund (established by La. R.S. 45:844.14(A)(4)(a)); and (3) the Motor Carrier Regulation Fund (established by La. R.S. 45:169.1(A)(1)) (sometimes collectively referred to as the “dedicated source funds”). The fees collected and maintained in these funds were dedicated for the limited and specific purpose of funding the operations of the LPSC as it discharges its constitutionally mandated duties. The LPSC asserted that if any fee monies remain in the funds at the end of the fiscal year, those fee monies shall be retained in their respective accounts and cannot revert to the state’s general fund.
The LPSC’s petition further pled the following: On July 10, 2009, pursuant to Act 226, the State Treasurer transferred $4,000,537.00 of dedicated fees from the three dedicated source funds into the state’s general fund. On June 25, 2010, Act 633 was signed into law and directed the State Treasurer to transfer a total of $4,507,931.00 from the dedicated source funds into the state’s general fund. The LPSC asserted that Act 226 and 633’s “sweep” of fee monies from the dedicated funds into the state’s general fund, to be used as revenue as if from a tax, constituted an unconstitutional conversion of fee dollars into tax dollars and imposed an unconstitutional tax on the LPSC jurisdictional ratepayers.
The LPSC alleged that because the effect of Acts 226 and 633 was to impose a tax, the enactment of those provisions was governed by Article III, Section 2 and Article VII, Section 2 of the Louisiana Constitution, which prohibit the Legislature from introducing and enacting measures creating or increasing an existing tax during even-numbered year regular sessions and require that legislation increasing a tax or levying a new tax be enacted by two-thirds of the elected members of each house of the state legislature. Alternatively, it claimed that the complete redirection of the fee monies for a different purpose created a “new fee” which necessitated the same constitutional prerequisites for enactment. The LPSC |4alleged that Act 633, which was signed into law on June 25, 2010, was not introduced or enacted in an even-numbered year and was passed with less than the requisite two-thirds vote of the House of Representatives, thus violating the constitutional procedural requirements that must be observed before a new tax or a new fee may be enacted.
The LPSC further asserted in its petition that the “sweeps” of its dedicated *535 source funds violated the equal protection guarantees of the United States and Louisiana Constitutions by seizing dedicated fees paid by a specific class of jurisdictional ratepayers that purchase services from LPSC regulated entities and redirecting those fee monies to be used as revenue for the benefit of non-jurisdictional ratepayers, even though they contributed nothing to the dedicated funds. It also claimed that the “sweeps” violated the due process rights of the jurisdictional ratepayers because they were made retroactively on dedicated funds, without the Legislature having taken a prospective action that would give notice to the Commission, utilities, common carriers, and jurisdictional ratepayers as to the purpose for which the fees would be used.
In response, the Legislature filed peremptory exceptions raising the objections of no right of action and no cause of action and a dilatory exception raising the objection of vagueness. In support of its exception of no right of action, the Legislature contended that the LPSC lacked standing to sue the Legislature on the grounds that its constitutional duties have been impaired by the challenged legislation or to assert third-party property rights or liberty interests allegedly belonging to the jurisdictional ratepayers and utilities. In support of its exception of no cause of action, the Legislature urged that the LPSC failed to allege facts, which, if proven, would entitle it to declaratory or any other relief under the constitution and the laws of the state of Louisiana. It submitted that because statutes are presumed to be constitutional, the LPSC bore the burden of | ^demonstrating a constitutional prohibition against the transfer of money from the three statutorily created funds and urged that the LPSC could not meet this burden. The Legislature insisted that the LPSC could not show either a constitutional or statutory prohibition against the 2009 and 2010 transfers authorized by the challenged acts, nor could it show a constitutional or statutory limitation on the Legislature’s exclusive authority to appropriate funds (including surplus statutory dedications) and to determine how the branches of government shall be funded from the public fisc. It further claimed that the LPSC failed to identify any constitutional, statutory, or jurisprudential authority for its “legal conclusion” that the 2009 and 2010 transfers converted the dedicated “fees” into “taxes” and insisted that Acts 226 and 683 do not raise revenue as alleged by the LPSC, nor do they impose a new charge or fee, or create any new assessments.
Thereafter, the LPSC filed a motion to amend its petition to name as additional plaintiffs the Department of Public Service and three LPSC commissioners, James Field, Foster Campbell, and Clyde Holloway, in their individual capacities as ratepayers, alleging that the commissioners were ratepayers of one or more common carriers or public utilities regulated by the LPSC. The trial court signed an order allowing the amendment. In the amended petition, the LPSC claimed that the Legislature’s sweep of the dedicated funds violated Article VII, Section 10 of the Louisiana Constitution, which prohibits the reduction of appropriated funds by more than five percent. In support of this claim, the LPSC alleged that at the end of each fiscal year, any surplus monies remaining in the dedicated source funds “rolled over” and became appropriated funds on the first day following the end of the fiscal year. Therefore, the LPSC asserted that the funds swept by the Legislature were in fact “appropriated funds” and that both the transfers authorized by Acts 226 and 683 exceeded five percent of the LPSC’s total appropriation for fiscal years 2009-2010 and 2010-2011. *536 In | r,support of its Article VII, Section 10 constitutional challenge, the LPSC pled specific facts regarding the amounts appropriated for each fiscal year, the balances remaining in the accounts, the total fund balances that “rolled over” into the new fiscal year, and the amounts taken by the Legislature, from the funds. Additionally, the LPSC alleged that Acts 226 and 633 also violated Article VII of the Louisiana Constitution because they imposed a sales and use tax on natural gas, electricity, and water sold directly to the consumer for residential use. The LPSC asked the court to declare Acts 226 and 633 unconstitutional either on their face or as applied.
The Legislature filed an amended peremptory exception of no right of action contesting the plaintiffs’ standing to bring this declaratory action and an amended exception of no cause of action. In support of the amended exception of no cause of action, the Legislature asserted that surplus funds from one fiscal year do not “rollover” to become appropriated funds of the next fiscal year, and therefore, there could not possibly have been an unconstitutional excess reduction of appropriated funds as alleged by the LPSC.
A hearing on the exceptions was held on November 8, 2010. There is no transcript of the hearing in the record, and the record indicates that no evidence was filed in the trial court. Following the hearing, the trial court issued written reasons in which it found that the LPSC failed to state a cause of action in the petitions against the Legislature for which relief could be granted by the court. The court concluded that the LPSC could not show any constitutional or statutory limitation on the Legislature’s exclusive authority to appropriate public funds and had cited no authority limiting the power of the Legislature to appropriate by statute, surplus monies from a statutorily created and dedicated fund. Consequently, the court held, Acts 226 and 633 are “not themselves unconstitutional.” The court observed that a separate question may be raised as to 17whether those acts had the effect of converting the statutes that created the dedicated funds from fee statutes into taxing statutes and whether constitutional implications may arise from that conversion. However, the court noted, the LPSC did not question the constitutionality of those statutes as a result of the 2009 and 2010 Acts. In light of its ruling on the exception of no cause of action, the court held that all other exceptions were moot.
On March 31, 2011, the trial court signed a judgment sustaining the Legislature’s exception of no cause of action, decreeing the other exceptions moot, and giving the LPSC fifteen days from the mailing of the notice of the judgment to amend its petition. The LPSC appealed this judgment. On July 18, 2011, the trial court signed an amended judgment giving the LPSC fifteen days to amend its petition and decreeing that if the LPSC chose not to do so, the judgment was a final judgment. Another panel of this court dismissed the LPSC’s appeal on its own motion on November 9, 2011, finding that both judgments lacked decretal language and were uncertain because it was impossible to tell the date on which the judgments became final from the face of the judgments. Louisiana Public Service Commission v. Louisiana State Legislature, 2011-0943 (La.App. 1st Cir.11/9/11) (unpublished).
On December 8, 2011, the trial court signed a final judgment sustaining the Legislature’s exception of no cause of action and amended exception of no cause of action, decreeing that all other exceptions were moot, and dismissing the LPSC’s claims. From this judgment, the LPSC appealed.
*537 DISCUSSION
On appeal, the LPSC contends that the trial court erred in failing to find: (1) that Acts 226 and 633 violate the due process clauses of the federal and state constitutions by retroactively converting fees paid to fund a regulatory program into taxes designed to raise revenue for general purposes; (2) the acts violate the |sequal protection guarantees of both constitutions by subjecting LPSC-jurisdictional ratepayers to a tax not assessed upon similarly situated citizens; and (3) the acts violate the constitutional requirements for the creation of a tax. In opposition, the Legislature contends that: (1) the LPSC failed to meet its burden of showing that the Legislature lacked the requisite authority to enact Acts 226 and 633; (2) the mere transfer and redirection of surplus monies remaining in a statutorily dedicated fund does not create a new tax; and (3) the LPSC does not have standing to assert due process, equal protection, or any other alleged constitutional violations.[2]
The exception of no cause of action tests the legal sufficiency of the petition by determining whether the law affords a remedy to the plaintiff on the facts alleged in the petition. The exception is triable on the face of the pleadings, and all well-pleaded facts in the petition must be accepted as true. See Pierrotti v. Johnson, 2011-1317 (La.App. 1st Cir.3/19/12), 91 So.3d 1056, 1062. An exception of no cause of action is likely to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the petition that there is some insurmountable bar to relief. Thus, dismissal is justified only when the allegations of the petition itself clearly show that the plaintiff does not have a cause of action or when its allegations show the existence of an affirmative defense that appears clearly on the face of the pleadings. Id. When it can reasonably do so, a court should maintain a petition against an exception of no cause of action to afford a litigant an opportunity to present his evidence. Walters v. Rubicon, Inc., 96-2294 (La.App. 1st Cir.12/29/97), 706 So.2d 503, 506.
If a petition states a cause of action on any ground or portion of the demand, the objection of no cause of action must be overruled. Bruneau v. Edwards, 517 So.2d 818, 823 (La.App. 1st Cir.1987). The burden of demonstrating that a 19petition fails to state a cause of action is on the mover. Pierrotti, 91 So.3d at 1062. Because the exception raises a question of law and the trial court’s decision is based only on the sufficiency of the petition, a judgment sustaining an exception of no cause of action is reviewed by an appellate court de novo. Id.
In sustaining the Legislature’s exception of no cause of action, the trial court concluded that Acts 226 and 633 were “not themselves unconstitutional.” We find that the trial court erred in determining the merits of the LPSC’s constitutional challenges to Acts 226 and 633 on an exception of no cause of action. The purpose of the exception of no cause of action is not to determine whether the plaintiff will ultimately prevail at trial, but to only ascertain if a cause of action exists. See Watters v. Rubicon, Inc., 706 So.2d at 506. Accepting the well-pleaded facts contained in the petitions as true, we are convinced that the LPSC has stated a cause of action to challenge the validity of the Legislature’s sweep of the monies dedicated by statute to fund the LPSC into the state’s general fund. The LPSC has alleged in its petitions that Acts 226 and 633 effectively enacted, levied, or authorized a new tax or fee, and that the constitutionally pre *538 scribed procedures for measuring, levying, or authorizing a new tax or fee were not followed, rendering the acts unconstitutional. The LPSC further alleged that the acts in question improperly reduced appropriations to the LPSC beyond the constitutionally proscribed limit of five percent. Whether Acts 226 and 633 in fact had the effect of imposing a tax or new fee or took appropriated funds from the LPSC are threshold issues which must be adjudicated on the merits before the constitutional implications arising therefrom can be determined.
For these reasons, the judgment sustaining the Legislature’s exception of no cause of action is reversed. Because the trial court sustained the exception of no cause of action, it did not rule on the Legislature’s remaining exceptions, including the exception of no right of action. Although the Legislature seeks a ruling on this |inexception from this court, we find that the exception of no right of action is not properly before this court at this time. Accordingly, we remand this matter to the trial court to rule on the Legislature’s remaining exceptions.
CONCLUSION
For the foregoing reasons, the judgment sustaining the Louisiana State Legislature’s peremptory exception raising the objection of no cause of action is hereby reversed. The case is remanded to the trial court for proceedings consistent with this opinion. Costs in the amount of $972.00 are assessed to appellee, the Louisiana State Legislature.
REVERSED AND REMANDED.
GUIDRY and PETTIGREW, JJ., concur.

. Entergy Gulf States Louisiana, L.L.C. and Entergy Louisiana, LLC filed an amicus curiae brief in support of reversing the judgment of the trial court.