STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2022 CA 0878

VIRGINIA ANNE GERACE BENOIST

VERSUS

JACKSON NATIONAL LIFE INSURANCE COMPANY, NORMA
FORD GERACE, AND MARY KATHRYN GERACE CARLETON

JUDGMENT RENDERED: **APR 1 4 2023**

* * * * * * *

Appealed from the Nineteenth Judicial District Court
Parish of East Baton Rouge • State of Louisiana
Docket Number 710,447 • Section 27

The Honorable Trudy M. White, Presiding Judge

* * * * * * *

| | |
|---|---|
| Jerry F. Pepper<br>Baton Rouge, Louisiana | COUNSEL FOR APPELLANT<br>PLAINTIFF—Virginia Anne Gerace<br>Benoist |
| Dawn D. Bonnecaze<br>F. Charles Marionneaux<br>Melissa J. Avant<br>Thomas C. Naquin<br>Baton Rouge, Louisiana | COUNSEL FOR APPELLEE<br>DEFENDANT—Mary Kathryn Gerace<br>Carleton |
| Michelle Lorio St. Martin<br>David G. Koch<br>Riley E. Huntington<br>Baton Rouge, Louisiana | COUNSEL FOR APPELLEE<br>DEFENDANT—Norma Ford Gerace |
| Covert J. Geary<br>Taylor Wimberly<br>Eric P. Morvant<br>New Orleans, Louisiana | COUNSEL FOR APPELLEE<br>DEFENDANT—Jackson National Life<br>Insurance Company |

* * * * * * *

BEFORE: WELCH, PENZATO, AND LANIER, JJ.

**WELCH, J.**

The plaintiff, Virginia "Ginny" Anne Gerace Benoist, challenges the trial court's judgment sustaining a peremptory exception raising the objection of no cause of action for intentional interference with contractual rights filed by the defendant, her sister Mary Kathryn "Mary Kay" Gerace Carleton, which dismissed all claims against Mary Kay. For the following reasons, we affirm.

## BACKGROUND

This lawsuit involves a dispute among family members. This case has previously been before this Court.[1] In addition to the instant matter, there is also another appeal pending.[2] Pertinent to the instant appeal, Ginny filed a "Petition for Breach of Contract, and Intentional Interference with Contractual Rights, and for Removal of Agent" on August 9, 2021. Ginny alleged that Jackson National Life Insurance Company ("JNLIC") issued an annuity contract ("Annuity") to her mother, Norma F. Gerace, on December 6, 2007. Mrs. Gerace named Ginny's daughter, Mary Turner Benoist, as her mandatary; named Ginny a *per stirpes* irrevocable beneficiary of the Annuity; and named Mary Kay a *per stirpes* beneficiary of the Annuity. Ginny alleged that despite the "substantial adverse tax

---

[1] In her August 9, 2021 petition, Ginny brought an action to review the acts of a mandatary against her mother, Norma F. Gerace, as principal, and against her sister, Mary Kay, as mandatary, seeking the disqualification or termination of Mary Kay as her mother's mandatary. This Court affirmed a motion to dismiss Mrs. Gerace from Ginny's action to review the acts of a mandatary; the Supreme Court denied writs. See **Benoist v. Jackson Nat'l Life Ins. Co.**, 2022-0292 (La. App. 1ˢᵗ Cir. 11/15/22), ___ So.3d ___, 2022 WL 16946498, writ denied, 2022-01820 (La. 3/14/23), ___ So.3d ___, 2023 WL 2494558. Thereafter, the trial court dismissed all of Ginny's mandate-related actions and claims against any and all defendants that were raised in her August 9, 2021 petition, in a judgment signed on November 12, 2021.

See also **Benoist v. Jackson Nat'l Life Ins. Co.**, 2022-0879 (La. App. 1ˢᵗ Cir. 3/1/23), ___ So.3d ___, 2023 WL 2291648 (amended, and affirmed as amended, a judgment awarding attorney fees and costs to Mrs. Gerace in the amount of $76,543.63, related to her motion to dismiss).

[2] See **Benoist v. Jackson Nat'l Life Ins. Co.**, 2022-0877 (La. App. 1ˢᵗ Cir. ___/___/___). In that appeal, Ginny challenges a motion for summary judgment granted in favor of JNLIC, regarding Ginny's breach of contract claims against JNLIC. In her August 9, 2021 petition, Ginny alleged that as an irrevocable beneficiary, she was a third-party beneficiary of a stipulation *pour autrui*, which endowed her with contractual rights and standing to assert a breach of contract claim against JNLIC, challenging the liquidation of the annuity by Mrs. Gerace.

2

consequence" and "carefully crafted estate plan," on January 3, 2020, Mrs. Gerace withdrew the entire balance of her Annuity, in the then-present amount of $226,259.80.

Pertinent to the instant appeal, Ginny raised a claim of intentional interference with contractual rights against Mary Kay. From 2005 to 2019, Mrs. Gerace lived with her daughter Mary Kay. Ginny alleged that during that time, Mary Kay interfered and tampered with Mrs. Gerace's mail, installing a lock on the mailbox in which Mrs. Gerace received mail, and refusing to furnish her mother with a key to the mailbox in order to retrieve her own mail. Ginny alleged that she believed, "based on her own reasonable conclusions drawn from substantial circumstantial evidence," that her sister Mary Kay caused the Annuity "disinvestment, wholly without proper authority, and without any proper form of legal mandate, power of attorney, or direction" from Mrs. Gerace. Ginny claimed Mrs. Gerace denied ever authorizing the disinvestment of her Annuity. Ginny further alleged that Mary Kay "tortuously interfered with" Ginny's "contractual rights as a third party and irrevocable beneficiary under the JNLIC" Annuity.

Thereafter, Mary Kay filed a peremptory exception raising the objection of no cause of action for intentional interference with contractual rights. The trial court set the exception for hearing on March 22, 2022. Following the argument of counsel, the trial court sustained Mary Kay's peremptory exception raising the objection of no cause of action for intentional interference with contractual rights. The trial court signed a judgment in accordance with its ruling on April 1, 2022, which decreed as follows:

> [T]he Peremptory Exception of No Cause of Action for Intentional Interference with Contractual Rights filed on behalf of Mary Kathryn Gerace Carleton is **GRANTED**

3

and all claims against Mary Kathryn Gerace Carleton are **DISMISSED**.[3]

Ginny now appeals.[4]

## NO CAUSE OF ACTION

As used in the context of the peremptory exception, a "cause of action" refers to the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. **Scheffler v. Adams and Reese, LLP**, 2006-1774 (La. 2/22/07), 950 So.2d 641, 646. The peremptory exception raising the objection of no cause of action is used to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. **Scheffler**, 950 So.2d at 646. The purpose of the exception of no cause of action is not to determine whether the plaintiff will ultimately prevail at trial, but to only ascertain if a cause of action exists. **Louisiana Pub. Serv. Comm'n v. Louisiana State Legislature**, 2012-0353 (La. App. 1st Cir. 4/26/13), 117 So.3d 532, 537. No evidence may be introduced to support or controvert the exception of no cause of action. La. C.C.P. art. 931. The exception is triable on the face of the pleadings, and, for purposes of resolving the issues raised by the exception, the well-pled facts in the petition must be accepted as true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. **Scheffler**, 950 So.2d at 646.

---

[3] The trial court's April 1, 2022 judgment does not specify whether the dismissal of Ginny's claims against Mary Kay are with or without prejudice. When a judgment is silent as to whether it is dismissed with or without prejudice, the dismissal must be without prejudice. **Allen v. Allen**, 2016-0407 (La. App. 1st Cir. 12/22/16), 210 So.3d 477, 480. A judgment dismissing a suit without prejudice is a final, appealable judgment. **Bridges v. Smith**, 2001-2166 (La. App. 1st Cir. 9/27/02), 832 So.2d 307, 309 n.4, writ denied, 2002-2951 (La. 2/14/03), 836 So.2d 121. A trial court's dismissal of a plaintiff's claims against a defendant "without prejudice" in the context of a peremptory exception raising the objection of no cause of action is to permit the plaintiff the opportunity to amend their petition to state a valid cause of action. See La. C.C.P. art. 934. See also, e.g., **Robertson v. Sun Life Fin.**, 2009-2275 (La. App. 1st Cir. 6/11/10), 40 So.3d 507, 514; **McCartney v. McCormick**, 2007-0997 (La. App. 3rd Cir. 1/30/08), 974 So.2d 854, 860.

[4] Ginny timely filed a motion for devolutive appeal on June 3, 2022. The trial court signed an order of appeal on June 3, 2022, notice of which was transmitted by the clerk of court to the parties on June 9, 2022.

The burden of demonstrating that a petition fails to state a cause of action is on the mover. **Louisiana Pub. Serv. Comm'n**, 117 So.3d at 537. Because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition, a judgment sustaining a peremptory exception raising the objection of no cause of action is reviewed by an appellate court *de novo*. **Louisiana Pub. Serv. Comm'n**, 117 So.3d at 537.[5]

## TORTIOUS OR INTENTIONAL INTERFERENCE WITH CONTRACT

In **9 to 5 Fashions, Inc. v. Spurney**, 538 So.2d 228, 231 (La. 1989), the seminal case regarding Louisiana's cause of action for tortious interference with contract, the Louisiana Supreme Court was called upon to decide whether an officer of a corporation owes a duty to a person having a contract with the corporation to refrain from unjustified, intentional interference with the contractual relationship. **9 to 5 Fashions, Inc.**, 538 So.2d at 229. Our Supreme Court recognized a very limited application of the common law doctrine of tortious interference with contract to be available under Louisiana law. Pursuant to the holding in **9 to 5 Fashions, Inc.**, a cause of action for tortious interference with contract arises from a *corporate*

---

[5] This Court has held that an exception of no cause of action should not be maintained in part, so as to prevent a multiplicity of appeals. See **Harrington v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College**, 2021-1527 (La. App. 1st Cir. 9/29/22), 2022 WL 4587873, *5 (unpublished), writ denied, 2022-01621 (La. 1/11/23), 352 So.3d 985 (citing **Everything on Wheels Subaru, Inc. v. Subaru South, Inc.**, 616 So.2d 1234, 1236 (La. 1993)). Therefore, if there are two or more items of damages or theories of recovery that arise out of the operative facts of a single transaction or occurrence, a partial judgment on an exception of no cause of action should not be rendered to dismiss an item of damages or theory of recovery. **Harrington**, 2022 WL 4587873 at *5. See also **State of Louisiana, by and through Caldwell v. Astra Zeneca AB**, 2016-1073 (La. App. 1st Cir. 4/11/18), 249 So.3d 38, 42 (*en banc*); **Ikonitski v. Ikonitski**, 2020-1160 (La. App. 1st Cir. 11/4/21), 2021 WL 5121220, *4 (unpublished).

Here, Ginny's petition alleged multiple causes of action against three defendants, including: breach of contract against JNLIC; intentional interference with contractual rights against Mary Kay; and an action under La. R.S. 9:3851 to review the acts of a mandatary, against Mrs. Gerace as principal and against Mary Kay as mandatary. We recognize that these theories of recovery arise out of the same set of operative facts alleged by Ginny in her petition. However, there is no dispute that the sole remaining cause of action against Mary Kay is intentional interference with contractual rights. In ruling in Mary Kay's favor on the exception of no cause of action for intentional interference with contractual rights, the trial court did not sustain an impermissible partial exception of no cause of action. The prohibition against granting a partial exception of no cause of action does not apply in this particular instance, where the trial court dismissed Ginny's only remaining claim against this one particular defendant, Mary Kay.

5

*officer's duty* to refrain from intentionally, and without justification, interfering with the contractual relationship between his *employer* and a *third person*. See **Hawkins v. Decuir, Clark, & Adams, LLP**, 2016-1338 (La. App. 1ˢᵗ Cir. 8/16/17), 2017 WL 3528872, *7 (unpublished) (citing **9 to 5 Fashions, Inc.**, 538 So.2d at 231) ("Where officers knowingly and intentionally act against the best interest of the corporation or outside the scope of their authority, they can be held liable by the party whose contract right has been damaged.").

The action for intentional interference with contractual rights is a very narrow one, with five elements a plaintiff must prove to recover: (1) the existence of a contract or legally protected interest between the plaintiff and the corporation; (2) the corporate officer's knowledge of the contract; (3) the officer's intentional inducement or cause of the corporation to breach the contract or his intentional rendition of its performance impossible or more burdensome; (4) absence of justification on the part of the officer; and (5) causation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer. **Allied N. Am. Corp. of Texas v. Edgecomb**, 2009-0113 (La. App. 1ˢᵗ Cir. 6/19/09), 2009 WL 1717358, *7 (unpublished) (citing **9 to 5 Fashions, Inc.**, 538 So.2d at 234).

Louisiana courts have consistently limited the application of **9 to 5 Fashions, Inc.** to its facts and have held that, to succeed at trial on a claim of tortious interference with contract, the plaintiff must prove, among other things, the existence of a contract or a legally protected interest between the plaintiff and the corporation that employs the corporate officer. **Hawkins**, 2017 WL 3528872 at *7 (citing **9 to 5 Fashions, Inc.**, 538 So.2d at 234). Where the interference alleged is beyond the cause of action created in **9 to 5 Fashions, Inc.**, the trial court is correct in denying the claim. **Hawkins**, 2017 WL 3528872 at *7.

Thus, under a strict application of **9 to 5 Fashions, Inc.** to its facts, one who is not a party to the contract at issue, but who merely claims to have a pecuniary interest or third-party interest in the contract, has no cause of action for tortious or intentional interference with contract. See **Belle Pass Terminal, Inc. v. Jolin, Inc.**, 618 So.2d 1076, 1080 (La. App. 1st Cir.), writ denied, 626 So.2d 1172 (La. 1993) (finding no cause of action existed for tortious interference with contract where no privity of contract existed between the defendants and the contracts at issue), citing **Tallo v. Stroh Brewery Co.**, 544 So.2d 452, 454 (La. App. 4th Cir.), writ denied, 547 So.2d 355 (La. 1989). Therefore, considering the allegations of Ginny's petition and the parties' arguments, we find that Ginny has no claim against her sister Mary Kay for tortious or intentional interference with contract.

Furthermore, pursuant to La. C.C.P. art. 934, we find there are no set of facts that Ginny may allege to state a valid cause of action for intentional interference with contractual rights and decline to afford her the opportunity to amend her petition to so state. See **Herigodt v. Town of Golden Meadow**, 2020-0752 (La. App. 1st Cir. 2/22/21), 321 So.3d 1004, 1015, writ denied, 2021-00880 (La. 10/12/21), 325 So.3d 1070. We affirm the trial court's judgment sustaining Mary Kay's peremptory exception of no cause of action for intentional interference with contractual rights.

### DECREE

We affirm the trial court's April 1, 2022 judgment, which sustained the peremptory exception raising the objection of no cause of action for intentional interference with contractual rights filed by Mary Kathryn Gerace Carleton and dismissed all claims against Mary Kathryn Gerace Carleton. We assess appellate court costs to Virginia Anne Gerace Benoist.

**AFFIRMED.**