McDonald, j.
| ¡¿Plaintiff, Lisa G. Tennison, petitioned the Twenty-First Judicial District Court for a declaration of nullity of her marriage to Lionel Keith Nevels, which was denied. An appeal was lodged alleging that the trial court erred in not declaring the marriage a nullity because the marriage ceremony failed to be witnessed by two witnesses that meet the requirements of La. R.S. 9:244. For the following reasons, the judgment of the trial court is affirmed.
On June 28, 2005 a marriage license was issued to Lisa Gail Allen and Lionel Keith Nevels. Subsequently, the license certified that Pastor Douglas Prewitt married Lisa and Lionel on July 4, 2005, and that witnesses to the ceremony were Katie Allen and Ashley Allen.
In January 2006, Lisa filed a petition for declaration of nullity of marriage alleging that the ceremony at which she married Lionel was witnessed by her two daughters from a prior marriage, both of whom were minors at the time. Alleging that the marriage ceremony was invalid due to the witnesses being minors, Lisa sought to have the marriage declared an absolute nullity. The trial court heard the matter in March 2006 and denied the motion for nullity, relying on case law wherein marriages were upheld in spite of similarly defective ceremonies.
The Louisiana Civil Code, Title IV, entitled Husband and Wife, provides for *427 the general principles of marriage, nullity of marriage, incidents and effects of marriage, and termination of marriage. The requirements for a valid contract of marriage are: the absence of legal impediment; a marriage ceremony; and the free consent of the parties to take each other as husband and wife, expressed at the ceremony. La. C.C. art. 87. A marriage is absolutely null when contracted without a marriage ceremony, by | ..¡procuration, or in violation of an impediment. A judicial declaration of nullity is not required, but an action to recognize the nullity may be brought by any interested party. La. C.C. art. 94. In the matter before us, all of the legal requirements for a valid marriage are present. None of the deficiencies resulting in an absolutely null marriage are present. The nullity is sought based on a defect in the marriage ceremony.
Our courts are reluctant to inval- ■ idate a marriage, and they will not do so unless the law and the facts clearly indicate that it should be annulled. Parker v. Saileau, 213 So.2d 190, 194 (La.App. 3rd Cir.1968). Jurisprudence has been established to the effect that the articles of the Civil Code providing the manner and form in which marriages are to be contracted* and celebrated are merely directory to the celebrant, and that the failure to technically observe these formalities does not strike the marriage with nullity. Saileau 213 So.2d at 191, and the cases cited therein. The facts of this case do not warrant a deviation from this long-standing jurisprudence. Therefore, the judgment of the trial court is affirmed and this opinion\is issued in accordance with URCA Rule 2-16.1 B. Costs are assessed to Lisa G. Ten-nison.
AFFIRMED.