# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2022 CA 0108

AMY WEDERSTRANDT AND BILLY R. EFFERSON, JR.

## VERSUS

## EDEN KOL

Judgment Rendered: **OCT 0 5 2022**

* * * * * * *

On Appeal from the Family Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 226053

Honorable Lisa Woodruff-White, Judge Presiding

* * * * * * *

| | |
|---|---|
| Rufus Holt Craig, Jr.<br>Everett C. Baudean<br>Baton Rouge, Louisiana | Attorney for Plaintiff/Appellant,<br>Amy Wederstrandt |
| Arthur N. Bagwell<br>White Castle, Louisiana | Attorney for Plaintiff/Appellant,<br>Billy R. Efferson, Jr. |
| Rene C. Gautreaux<br>David C. Spinner<br>Metairie, Louisiana | Attorneys for Defendant/Appellee,<br>Eden Kol |

* * * * * * *

BEFORE: WELCH, PENZATO, AND LANIER, JJ.

Welch, J. dissents and assigns reasons.

**PENZATO, J.**

Plaintiffs appeal a judgment sustaining an exception of no cause of action and dismissing their *Petition for Declaration of Absolutely Null Marriage* with prejudice. For the reasons that follow, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

On June 24, 2021, plaintiffs, Amy Wederstrandt and Billy R. Efferson, Jr., the surviving parents of Ivie Efferson, who was killed in an automobile accident on June 12, 2021, filed a *Petition for Declaration of Absolutely Null Marriage*, naming as defendant Eden Kol. Plaintiffs alleged that the marriage contract between Ivie Efferson and Eden Kol was entered into for the purpose of violating federal immigration law, and because the object of the contract violates a rule of public order and is clearly illicit and immoral, the marriage contract is absolutely null in accordance with La. C.C. art. 2030. Plaintiffs sought a judgment recognizing the marriage as an absolute nullity.

In response, Mr. Kol filed an exception of no cause of action.[1] Therein, Mr. Kol argued that the only requirements for a valid marriage are found in La. C.C. art. 87; with the only grounds for declaring a Louisiana marriage absolutely null found in La. C.C. art. 94. As neither of these articles include violations of public policy or an illicit or immoral object of a contract, Mr. Kol asserted that plaintiffs failed to state a cause of action for an absolute nullity.

The exception came for hearing before the trial court on October 12, 2012. The trial court sustained the exception of no cause of action and dismissed plaintiffs' petition with prejudice. The trial court signed a judgment to that effect on October 14, 2021. Plaintiffs now appeal.

---

[1] Mr. Kol's exception was not accompanied by a memorandum nor a proposed order requesting that the exception be set for hearing as required by La. Dist. Court Rules 9.8(a) and 9.9(b). Mr. Kol thereafter filed a motion and order to set his exception for a hearing, after Ms. Wederstrandt filed a motion and order to strike exception or set hearing.

2

## LAW AND DISCUSSION

### No Cause of Action

The purpose of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. *Ramey v. DeCaire*, 2003-1299 (La. 3/19/04), 869 So. 2d 114, 118. The exception is triable on the face of the pleading, and for the purpose of determining the issues raised by the exception, the well-pleaded facts in the pleading must be accepted as true. *Palowsky v. Cork*, 2019-0148 (La. App. 1 Cir. 5/20/20), 304 So. 3d 867, 872.

In ruling on an exception of no cause of action, the court must determine whether the law affords any relief to the claimant if the factual allegations in the pleading were proven at trial. *Id.* A petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim. Any doubts are resolved in favor of the sufficiency of the petition. *Id.*

The burden of demonstrating that the petition states no cause of action is on the mover. *Ramey*, 869 So. 2d at 119. In reviewing the trial court's ruling sustaining an exception of no cause of action, appellate courts conduct a *de novo* review, because the exception raises a question of law, and the trial court's decision is based solely on the sufficiency of the petition. *Palowsky*, 304 So. 3d at 872.

Book I, Title IV of the Louisiana Civil Code, entitled "Husband and Wife," provides for the general principles of marriage, nullity of marriage, incidents and effects of marriage, and termination of marriage. *Tennison v. Nevels*, 2006-2124 (La. App. 1 Cir. 6/8/07), 965 So. 2d 425, 426-27. Marriage is defined as a legal relationship created by civil contract. The relationship and the contract are subject to special rules prescribed by law. La. C.C. art. 86. The requirements for a valid

3

contract of marriage are: the absence of legal impediment;[2] a marriage ceremony; and the free consent of the parties to take each other as husband and wife, expressed at the ceremony. La. C.C. art. 87. A marriage is absolutely null when contracted without a marriage ceremony, by procuration, or in violation of an impediment. A judicial declaration of nullity is not required, but an action to recognize the nullity may be brought by any interested person. La. C.C. art. 94. Louisiana courts are reluctant to invalidate a marriage and will not do so unless the law and the facts clearly indicate that it should be annulled. *Tennison*, 965 So. 2d at 427.

The principles involving conventional obligations or contracts are contained in Book III, Title IV of the Louisiana Civil Code. A contract is defined as an agreement by two or more parties whereby obligations are created, modified, or extinguished. La. C.C. art. 1906. A contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral. La. C.C. art. 2030.

On appeal, plaintiffs contend that marriage is a civil contract subject to both the Louisiana Civil Code provisions on marriage as well as the general principles of conventional obligations. Plaintiffs argue that the requirements for marriage enunciated in La. C.C. art. 87 are additional requirements peculiar to the contract of marriage and do not override the established rule that all civil contracts have a lawful cause and object in addition to capacity and consent. Plaintiffs further argue that for the same reason, the bases for nullifying a marriage contract under La. C.C. art. 94 are not exclusive. Thus, plaintiffs contend, a marriage contract entered into without lawful cause and object is an absolute nullity. Plaintiffs acknowledge that there are no applicable cases to support their contention that

---

[2] Legal impediments include an existing marriage, relationship between close relatives, and minority. La. C.C. arts. 88, 90, 90.1.

general contract principles apply in the context of marriage, and submit that the issue at hand is one of statutory interpretation.

The general rule of statutory construction is that a specific statute controls over a broader, more general statute. *Burge v. State*, 2010-2229 (La. 2/11/11), 54 So. 3d 1110, 1113 (*per curiam*). The Supreme Court of Louisiana has held that "[i]t is a fundamental rule of statutory construction that when two statutes deal with the same subject matter, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character." *State v. Campbell*, 2003-3035 (La. 7/6/04), 877 So. 2d 112, 118.

The rules providing for the nullity of conventional obligations are contained in Book III of the Louisiana Civil Code regarding the different modes of acquiring the ownership of things, while the rules providing for the nullity of marriage are contained in Book I of the Louisiana Civil Code regarding persons. Louisiana Civil Code article 2030 provides that a contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral. However, La. C.C. art. 94 specifically provides that a marriage is absolutely null when contracted without a marriage ceremony, by procuration, or in violation of an impediment.

Considering the statutory scheme in its entirety, as well as this court's reluctance to invalidate a marriage unless the law and the facts clearly indicate that it should be annulled, we conclude that claims asserting nullity of a marriage are governed by the more specific statute, namely La. C.C. art. 94. Thus, we find that the trial court correctly determined that plaintiffs' petition failed to state a cause of action.

Opportunity to Amend Petition

Plaintiffs also assign as error the trial court's failure to issue an order granting them an opportunity to amend their petition.

Louisiana Code of Civil Procedure article 934 only requires that a plaintiff be afforded an opportunity to amend his petition when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition; where the grounds of the objection raised through the exception cannot be so removed, the action shall be dismissed. *Gauthier v. Ard*, 2018-0861 (La. App. 1 Cir. 7/23/19), 2019 WL 3311965, *3 (unpublished). Furthermore, the decision to allow amendment of a pleading to cure the grounds for a peremptory exception is within the discretion of the trial court. *Id.* Plaintiffs have not made any assertions that the legal requirements for a valid marriage contained in La. C.C. art. 87 are not present. Thus, we cannot say the trial court abused its discretion in dismissing plaintiffs' petition with prejudice, since plaintiffs will be unable to amend their petition to state a cause of action for nullity pursuant to La. C.C. art. 94.

## CONCLUSION

For the foregoing reasons, we affirm the October 14, 2021 judgment sustaining the exception of no cause of action and dismissing the petition of Amy Wederstrandt and Billy R. Efferson, Jr., with prejudice. Costs of this appeal are assessed equally to Amy Wederstrandt and Billy R. Efferson, Jr.

**AFFIRMED.**

6

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 0108

AMY WEDERSTRANDT AND BILLY R. EFFERSON, JR.

VERSUS

EDEN KOL



**WELCH, J., dissenting.**

I respectfully disagree with the majority opinion in this matter. The majority has concluded that claims asserting the absolute nullity of a marriage are governed solely by La. C.C. art. 94 and that the relevant civil code articles setting forth the general principles of obligations and contracts cannot be applied to the marriage contract. In doing so, the majority erroneously suggests that there is a conflict between those civil code articles, and thus, determines under the rules of statutory construction that the more specific civil code article, *i.e.*, La. C.C. art. 94, controls. However, there is no conflict between the civil code articles pertaining to marriage and those pertaining to obligations and contracts—indeed, the majority does not (and cannot) specify the nature of that conflict. I recognize that this is a case of first impression in Louisiana; however, in my opinion, the general principles of obligations and contracts can and should be applied to a marriage contract in certain circumstances. After thoroughly reviewing the letter and spirit of the applicable law and the well-pled allegations of fact set forth in the plaintiffs' petition, I believe that the plaintiffs' petition states a valid cause of action for the judicial recognition of the absolute nullity of the marriage between Eden Kol and Ivie Efferson.

As noted by the majority, the general principles of marriage, the nullity of marriages, the incidents and effects of marriage, and the termination of marriage are set forth in Book I, Title IV of the Louisiana Civil Code. Marriage is specifically

defined as a legal relationship created by civil contract, with the relationship and contract being subject to "special rules prescribed by law." La. C.C. art. 86. These "special rules" pertain to the requirements of contracting the marriage and the impediments thereto (set forth in Chapter 1 of Title IV of Book I); the nullity and effects of the marriage when an impediment exists or the requirements set forth for contracting the marriage are not met (set forth in Chapter 2); the incidents and effects of marriage (set forth in Chapter 3); and the termination of marriage (set forth in Chapter 4). In addition, there are other "special rules" set forth in Chapter 1 of Code Title IV of the Civil Code Ancillaries in Title 9 of the Louisiana Revised Statues. See La. R.S. 9:201-275.

Pertinent herein, La. C.C. art. 94 provides that a marriage is absolutely null when contracted without a marriage ceremony, by procuration, or in violation of an impediment, *i.e.*, an existing marriage (La. C.C. art. 88), specific close relatives (La. C.C. art. 90), and minority (La. C.C. art. 90.1). Although the marriage contract and relationship are subject to "special rules" or laws, those rules or laws are not *sui generis*. Indeed, Professor Katherine Shaw Spaht in *Revision of the Law of Marriage: One Baby Step Forward*, 48 La. L.Rev. 1131,134, fn. 20, noted, when discussing La. C.C. art. 86, that "[t]here are occasions where it *will be necessary* to resort to general obligations principles to resolve questions unanswered by the special rules in Chapters 1 or 2 of Title IV of Book I of the Civil Code. *Since marriage is created by a civil contract, it is appropriate in many instances to do so.*" (Emphasis added).

With respect to obligations, La. C.C. art. 1968 provides that "[t]he cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy." Further, "[a] contract is absolutely null when it violates a rule of public order, as when the object of the contract is illicit or immoral. La. C.C. art. 2030. Lastly, La. C.C. art. 7 provides that "[p]ersons may

not by their juridical acts derogate from laws enacted for the protection of public interest" and "[a]ny act in derogation of such laws is an absolute nullity.

According to the allegations of the plaintiffs' petition, their daughter, Ms. Efferson,[1] entered into a marriage contract in July 2017 with Eden Kol, who, at that time, was a citizen of Israel and had immigrated to the United States. The plaintiffs' further alleged that the marriage contract between Ms. Efferson and Mr. Kol was entered into for the sole purpose of evading immigration laws to obtain permanent resident status for Mr. Kol, that was entered into in violation of 8 U.S.C. §1325(c),[2] and thus, their marriage was a federal crime. More specifically, the plaintiffs allege that: (1) Mr. Kol paid Ms. Efferson a sum of money, believed to be $10,000, to marry him; (2) Mr. Kol and Ms. Efferson leased an apartment in Baton Rouge to create the false impression of a matrimonial domicile; however, the apartment remained primarily unoccupied; (3) Mr. Kol and Ms. Efferson did not live together as man and wife, and did not have a meaningful romantic relationship or engage in any activities of a bona fide marriage necessary for lawful immigration; (4) Mr. Kol was not present in Louisiana for most of the marriage, but instead, resided in California; (5) Ms. Efferson remained in Baton Rouge and Mr. Kol returned to Baton Rouge only as necessary for the purpose of keeping up the appearance of a false marriage during the immigration process; (6) Mr. Kol and Ms. Efferson maintained romantic relationships with other partners during the duration of the fraudulent marriage; and (7) Mr. Kol was a gay man and had no intention of being married to a woman. Based on these allegations, the plaintiffs' claimed that the marriage of Ms. Efferson and Mr. Kol was an absolute nullity because the marriage contract did not have a lawful cause or object and sought a judicial declaration of same.

---

[1] Ms. Efferson died in an automobile accident on June 12, 2021.

[2] 8 U.S.C. § 1325(c) provides that "[a]ny individual who knowingly enters into a marriage for the purpose of evading any provision of the immigration laws shall be imprisoned for not more than 5 years, or fined not more than $25,000, or both."

I recognize, as did the majority, that courts are reluctant to invalidate a marriage and will not do so unless the law and facts indicate that it should be annulled. **Tennison v. Nevels**, 2006-2124 (La. App. 1st Cir. 6/8/07), 965 So.2d 425, 427. However, that principle pertains to and should be considered in evaluating the merits of the nullity action—not whether the plaintiffs' have stated a valid cause of action. This Court is not required to determine whether the plaintiffs will ultimately prevail at a trial on the merits of their request for judicial declaration of the nullity of the marriage, but only ascertain if a cause of action exists. See **Scheffler v. Adams and Reese, LLP**, 2006-1774 (La. 2/22/07), 950 So.2d 641, 646-47; **Louisiana Pub. Serv. Comm'n v. Louisiana State Legislature**, 2012-0353 (La. App. 1st Cir. 4/26/13), 117 So.3d 532, 537.

Considering the allegations of the petition in the light most favorable to the plaintiffs, with every doubt resolved in the plaintiffs' favor, and accepting all of the allegations as true, without a doubt, this is clearly an instance where it is appropriate to apply general obligations principles to ultimately resolve a question unanswered by the special rules regarding marriage—whether a marriage contract entered into for the sole purpose of immigration fraud—a federal crime—is an absolute nullity under Louisiana law. Thus, I find that the plaintiffs have stated a cause of action for the judicial recognition of the absolute nullity of the marriage between Eden Kol and Ivie Efferson and would reverse the judgment of the trial court.

Thus, I respectfully dissent.